Adrian CAVITT, Appellant,

v.

The STATE of Texas, Appellee.

No. 15058.

Court of Civil Appeals of Texas, San Antonio.

July 19, 1972.

Rehearing Denied Feb. 21, 1973.

Charles Campion, San Antonio, for appellant.

Ted Butler, Dist. Atty., Norris Yates, Richard I. Miller, Asst. Dist. Attys., San Antonio, for appellee.

CADENA, Justice.

This is a libel action instituted by the State of Texas to confiscate one 1971 Volkswagen automobile which allegedly had been used to facilitate the possession,

concealment and transportation of marijuana. The action is based on the provisions of Article 725d, Vernon's Texas Penal Code Ann. The appellant, Adrian Cavitt, seeks reversal of the judgment of the district court, following trial without a jury, ordering the automobile forfeited to the State of Texas.

■ Appellant's first point, asserting that the search of the vehicle which led to the discovery of the contraband was an illegal search, and that, therefore, the trial court erred in admitting into evidence testimony concerning the fruit of the search, cannot be considered since appellant made no objection to the reception of such evidence. LeBlanc v. State, 424 S.W.2d 434 (Tex.Crim.App.1968); Cross v. Houston Belt & Terminal Ry. Co., 351 S.W.2d 84 (Tex.Civ.App.—Houston 1961, writ ref'd n. r. e.).

■ Appellant contends that the trial court erred in deciding the case on the theory that the State's burden was merely to prove the existence of facts justifying the forfeiture by a mere preponderance, rather than beyond a reasonable doubt. In its brief, the State does not controvert appellant's assertion that the case was tried on the theory that only proof by a preponderance of the evidence was required. The State asserts, "The hearing was held under the provisions of Section 5 of Art. 625d [725d], Penal Code, and evidence was presented as required and *the case was properly tried under a preponderance of the evidence*." (Emphasis added.)

Section 5 of Article 725d, supra, provides that the owner of a seized vehicle ". . . *may* file a verified answer within twenty (20) days of the mailing or publication of notice of seizure." (Emphasis added.) According to Section 6 of the statute, "If it shall appear that the owner of the . . . vehicle . . . has filed a verified answer denying the use of such . . . vehicle . . . in violation of this Act, then the burden shall rest upon the State . . . to prove as in other penal cases, the violation of the provisions of this Act."

■ It is clear that the owner of the vehicle which the State seeks to expropriate "may" file a verified answer within 20 days after the publication or mailing of notice of seizure of the vehicle. It is also clear that if a verified answer has been filed the State, if it wishes to appropriate the vehicle without payment of compensation, must prove that the vehicle was used for the purpose of violating the statute ". . . as in other penal cases . . . ." In penal cases, the violation of a statute must be proved beyond a reasonable doubt. Since the record discloses that appellant, the owner of the vehicle, filed a verified answer, it follows that, under Section 6, the burden was on the State to prove, beyond a reasonable doubt, that the vehicle was used for the purpose of facilitating the possession, concealment and transportation of contraband.

The State, in support of its contention that the case was properly "tried under a preponderance of the evidence," contends that since appellant failed to file a verified answer within 20 days of the publication or mailing of notice of seizure, the statutory requirement of proof beyond a reasonable doubt is inapplicable. This argument is not persuasive. The statute permits the filing of such an answer within the 20-day period. This merely means that no judgment of forfeiture may be entered before the expiration of such 20-day period. The statutory requirement of proof beyond a reasonable doubt is applicable in all cases in which the owner of the vehicle has filed a verified answer. It does not say that proof beyond a reasonable doubt is required *only* if the verified answer has been filed within the 20-day period.

Section 5 of the statute provides that if a verified answer is filed, " . . . a

time for hearing on forfeiture shall be set within thirty (30) days of the date of filing of the answer . . . . " Our courts have held that, despite the use of the word "shall," this provision is not mandatory, and that a hearing held more than 30 days after the filing of the verified answer was not subject to question. McKee v. State, 318 S.W.2d 113 (Tex.Civ.App.— Amarillo 1958, writ ref'd n. r. e.). While, under proper circumstances, our courts have not shown an unwillingness to hold that "shall" is merely directory, and that, given the proper circumstances, "may" is mandatory, noncompensated expropriation of private property is not such a darling of the law as to require that, in order to deprive a citizen of his property, a court shall hold that "may" is mandatory, while in order to facilitate expropriation of property by the State without payment, "shall" is to be construed as being merely directory.

In addition, there is nothing in the record which indicates that the verified answer was filed more than 20 days after the mailing or publication of the notice of seizure, since the record does not disclose when such notice was mailed or published. In its brief, the State refers to its Exhibit No. 2, but the statement of facts reflects that Exhibit No. 2, while marked for identification, was never introduced in evidence, and there is no Exhibit No. 2 in the statement of facts or elsewhere in the record. The transcript contains a verified answer filed by appellant, and we are unwilling to presume that it was not timely filed, when the indulgence of such a presumption can only serve the purpose of depriving a person of his property without compensation.

We conclude that the trial court erred in trying the case under a preponderance of the evidence standard.

The judgment of the trial court is reversed and the cause is remanded for a new trial.