**THREE THOUSAND FOUR HUNDRED FIFTY DOLLARS IN U.S. CURRENCY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–87–00083–CV.**

Court of Appeals of Texas, El Paso.

Jan. 6, 1988.

Rehearing Denied Jan. 27, 1988.

Michael R. Gibson, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from judgment decreeing $1,900.00 to be forfeited to the State of Texas under Tex.Rev.Civ.Stat.Ann. art. 4476–15, sec. 5.03(a)(6) (Vernon Supp.1988). We affirm.

Point of Error No. Three shall be considered first. It attacks the underlying probable cause of the search warrant. The affidavit contained the following condensed facts:

Officer Tabullo had probable cause to believe that Julian Rodriguez possessed cocaine and marihuana at Performance Automotive Shop because:

1. There was an anonymous tip that contraband was personally viewed on the property within the last 72 hours.

2. Officer Tabullo was negotiating the purchase of cocaine and the two sellers stated they were going to their source.

3. The sellers went to the Performance Automotive Shop and met with Julian Rodriguez.

4. While sellers were with Julian Rodriguez, Officer Tabullo received a phone call from one of them setting up time and place of delivery.

5. During the actual delivery of the cocaine, Julian Rodriguez was across the street observing the transaction with binoculars.

6. Julian Rodriguez was then and there arrested and had marihuana in his possession.

7. Julian Rodriguez had a prior arrest record for delivery of cocaine and possession of marihuana.

8. The utility bill for Performance Automotive Shop was in the name of Julian Rodriguez.

9. A two and one-half hour surveillance of the auto shop witnessed traffic indicative of drug dealers.

10. Officer Tabullo had prior knowledge of Julian Rodriguez that led him to believe Rodriguez was in possession of cocaine and marihuana.

The standard of review is the "totality of circumstances" as set forth in *Illinois v. Gates*, 462 U.S 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). *Angulo v. State*, 727 S.W.2d 276 (Tex.Crim.App.1987).

■ The concept of probable cause is a fluid one. It deals in probabilities, not certainties. It is enough, for purposes of assessing probable cause, that cooperation through other sources of information reduced the chances of a reckless or prevaricating tale, thus providing a substantial basis for crediting hearsay. *Angulo, supra.*

■ The anonymous tip established the contemporariness of drug possession, the place and basis of knowledge. Each subsequent event, combined with the officer's prior knowledge of Julian Rodriguez, progressively accumulated the degrees of suspicion until they aggregated into probable cause. We conclude the magistrate had a substantial basis to make a practical, common-sense decision, given all the circumstances set forth in the affidavit before him, that there was fair probability that the contraband would be found in the particular place. Point of Error No. Three is overruled.

■ Points of Error Nos. One and Two assert a "no evidence" legal insufficiency point in establishing that seized funds were derived from the sale, distribution or delivery of a controlled substance. In reviewing a no evidence point, we consider only that evidence and reasonable inferences therefrom which, viewed in its most favorable light, supports the fact finding, and we must reject all evidence or reasonable inferences to the contrary. *Glover v. Texas General Indemnity Company*, 619 S.W.2d 400 (Tex.1981).

A "no evidence" point of error must be sustained when the record discloses a complete absence of vital fact or there is no more than a mere scintilla of evidence offered to prove a vital fact. *Common-*

*wealth Lloyd's Insurance Company v. Thomas*, 678 S.W.2d 278 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.).

The evidence offered to show the money was derived from the sale of marihuana is as follows: Two sets of scales, one non-operable, suitable for the weighing of narcotics, were found at the scene. A locked toolbox, four foot by three foot, contained one pound of marihuana in the bottom drawer. One thousand nine hundred dollars was found in the top middle drawer of the toolbox. Nine hundred dollars of that money was in a bank bag. The money was in denominations of twenties, tens and fives. Rodriguez told the officers that the keys to the toolbox were hanging on the wall, but none of these keys fit. Rodriguez did not have the key on his person. A former employee of Rodriguez testified that he never used tools from that toolbox, nor did he see the tools ever being used. He testified that he was paid in small bills on Saturdays. He testified Rodriguez got the money to pay him from the file cabinet. There was no deposit slip in the bag with the $900.00, and there were no deposit books in the business. There was no cash register, no bookkeeper, no correspondence or paperwork from an insurance carrier, no wall safe, no floor safe, no manuals, and Officer Tabullo saw no indication of active auto work. Inicitol, a cutting agent for cocaine, was found in a desk. During a two and one-half hour surveillance, five to eight cars were observed parking on the street. The occupants would go into the business and return in two to five minutes. No one from the business came out and looked at the cars. Some of the cars were left with their engine running. On August 18, 1986, Officer Tabullo set up a cocaine buy from subjects named Montanez and Mendoza. Officer Fonseca followed the subjects to Rodriguez's place of business where they spoke to Rodriguez and then called Officer Tabullo to set up the transaction. On the day of the transaction, Officer Fonseca, who was Officer Tabullo's back-up, saw Rodriguez reconnoiter the area, park across the street and watch the transaction through binoculars. When the arrest was made, Rodriguez left the scene,

was stopped, arrested and found to be in possession of a small amount of marihuana on him in addition to two pounds found in the vehicle when inventory was done. During the search, $1,550.00 was taken from Rodriguez's person. The court found this money corresponded somewhat to the sum witnesses Cervantes and Gasca claimed to have paid Rodriguez for lawful business transactions and awarded this amount back to Rodriguez. Point of Error No. One is overruled.

Although Point of Error No. Two asserts a legal insufficiency, from the argument presented, it appears factual insufficiency is meant. The inappropriately phrased point of error should be construed as raising a challenge to the factual sufficiency of evidence. *Pool v. Ford Motor Company*, 715 S.W.2d 629 (Tex.1986); *O'Neil v. Mack Trucks, Inc.*, 542 S.W.2d 112 (Tex.1976).

A factual insufficiency point requires us to examine all the evidence in determining whether the finding in question is so against the great weight and preponderance of evidence as to be manifestly unjust. *In re King's Estate*, 244 S.W.2d 660 (Tex. 1951). The reviewing court cannot substitute its conclusions for those of the fact finder. If there is sufficient, competent evidence of probative force to support the finding, it must be sustained. *Carrasco v. Goatcher*, 623 S.W.2d 769 (Tex.App.—El Paso 1981, no writ). It is not within the province of the court to interfere with the fact finder's resolution of conflicts in the evidence or pass on the weight or credibility of the witnesses' testimony. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951).

Other evidence offered was that the scales seized on the premises were not tested for residue or contraband substance. There was testimony that the scales had been used for the weighing of automobile parts. There were three vehicles on the premises. There were two other employees on the premises. There was a folder or two with papers in them in the file cabinet. There was testimony that Inicitol is not an illegal drug. No known addicts were seen to enter the premises. The license number of the trafficking vehicles did not correspond to the names of known narcotic users. An employee of Rodriguez testified that he had never seen anyone talk to Rodriguez that he had not done work for. He further testified that on the day Rodriguez was arrested, no one entered the shop but the police. Two witnesses testified they had given Rodriguez $1,030.00 and $800.00 respectively, within one and two weeks prior to the execution of the search warrant. Further, another witness testified he gave $350.00 cash to Rodriguez for car repairs four days before the execution of the search warrant. There was testimony that Rodriguez paid his employees in cash and that money was kept in a desk and file cabinet in the office.

It is within the province of the court to draw any and all inferences reasonably capable of being drawn from circumstances shown in evidence. *Houston Natural Gas Corporation v. Pearce*, 311 S.W.2d 899 (Tex.Civ.App.—Houston 1958, writ ref'd n.r.e.). A fact is established as a matter of law if the existence of it is fairly and reasonably inferred from the other facts proven in the case, even though it might be as reasonably inferred from other facts proven in the case that the direct opposite is true. *Zurich General Accident & Liability Ins. Co. v. Johnson*, 202 S.W.2d 258, (Tex.Civ.App.—Beaumont 1947), affirmed, 146 Tex. 232, 205 S.W.2d 353 (1947).

We find that the evidence supporting the finding of the trial court is not so weak, or other evidence to the contrary is not so overwhelming, that the finding should be set aside. Judgment of the trial court is affirmed.