FOUR THOUSAND ONE HUNDRED EIGHTY–TWO DOLLARS IN UNITED STATES CURRENCY, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–96–00109–CV.

Court of Appeals of Texas, Texarkana.

March 26, 1997.

Rehearing Overruled May 13, 1997.

J. Stephen Cooper, Dallas, for appellant.

Charles C. Bailey, District Attorney, Mt. Pleasant, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Brian Hicks appeals the judgment of the trial court forfeiting $4,182.00 and other items seized from his residence. Hicks asserts that the search warrant leading to the seizure of the currency and other property was not based on adequate probable cause, and that the evidence is legally and factually insufficient to support the judgment of forfeiture. We reform the judgment and affirm it as reformed.

Pursuant to an ongoing drug investigation, Camp County sheriff's deputy Allan McCandless obtained a search warrant for Hicks's residence. Officers subsequently searched Hicks's residence and recovered methamphetamine, drug paraphernalia, $4,182.00 in currency, several guns, knives, and other personal property.[1]

Hicks was arrested and charged with possession of methamphetamine. He pleaded guilty to the charge and was assessed punishment of five years in prison. The State then brought this action to forfeit the $4,182.00 and other property recovered from Hicks's residence.

Hicks first contends that the search warrant that led to the recovery of the seized property was invalid because it was not issued on adequate probable cause. We overrule this contention.

■ Hicks has waived this point of error. In order to preserve this complaint, Hicks must have objected at trial to the introduc-tion of the evidence seized pursuant to the warrant. TEX.R.APP.P. 52(a); *LeBlanc v. State*, 424 S.W.2d 434, 436 (Tex.Crim.App. 1968); *Fifty–Six Thousand, Seven Hundred Dollars in United States Currency v. State*, 710 S.W.2d 65 (Tex.App.-El Paso 1986), *rev'd on other grounds*, 730 S.W.2d 659 (Tex.1987); *Cavitt v. State*, 491 S.W.2d 694, 695 (Tex.Civ. App.-San Antonio 1972, writ dism'd). Absent a showing to the contrary, a presumption exists that the warrant is valid. *Ortega v. State*, 464 S.W.2d 876, 877 (Tex.Crim.App. 1971). Hicks did not file a motion to suppress the evidence. Hicks did not object when McCandless testified to the execution of the search warrant or to the subsequent recovery of the money, guns, knives, drugs, scales, and other drug paraphernalia.

During his cross-examination of McCandless, defense counsel mentioned the affidavit filed in support of the search warrant for Hicks's residence and offered it into evidence. No further mention was made of the document. There was no attempt to show that the affidavit failed to show probable cause, nor was there an allegation that the police engaged in material omissions or intentional misrepresentations when obtaining the warrant. *See Franks v. Delaware*, 438 U.S. 154, 155, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667, 672 (1978); *Massey v. State*, 933 S.W.2d 141, 145 (Tex.Crim.App.1996).

■ This proceeding is a civil action directed at the seized property and not the individual.[2] *Fant v. State*, 931 S.W.2d 299, 307 (Tex.Crim.App.1996). The exclusionary rule prohibits the use of illegally seized evidence in *"any criminal case."* TEX.CODE CRIM.PROC.ANN. art. 38.23(a) (Vernon Supp.

---

1. A complete listing of the seized property is as follows: $4,182.00 in United States currency; .410 shotgun; .22 rifle; Springfield .22 rifle; Winchester shotgun; .30 Universal Carbine; 30.06 rifle; SKS 7.62 semi-automatic; Marlin .22 bolt action; Remington .22 bolt action; Marlin Westpoint Ltd. .22 semi-automatic; Marlin Glenfield .22 semi-automatic; Rossi .22; J.E. Higgins 12 gauge; Rossi .22 625A pump; .44 Richland Armis; Jennings semi-automatic; RG .25 semi-automatic; Beretta 6.35 semi-automatic; F.I.E. Standard .38; CSI 7.62 semi-automatic; Dan Wesson 7.62 semi-automatic; four ammunition clips; Walds black holster; Branch Ranger nylon holster; green holster belt; green army ammunition; Hanks Roberts cross bow; Bear Compound bow; Mac Tools master lockpick kit; AT & T digital answering system; CIDCO Inc. telephone index; Alpine AM–FM laser disk cassette; ACULAB digital scales; brown plastic case with football cards; brown briefcase with baseball cards; cardboard box with baseball cards; sack of ammunition; four Hustler magazines; and thirteen pornographic videos.

2. Individuals are protected against unreasonable police searches and seizures by the state and federal constitutions. U.S. CONST. amend. IV; TEX. CONST. art. 1, § 9.

1997) (emphasis added). This forfeiture proceeding is quasi-criminal in nature. *Pine v. State*, 921 S.W.2d 866, 872 (Tex.App.-Houston [14th Dist.] 1996, writ dism'd w.o.j.).

Assuming arguendo that the exclusionary rule would apply to this case, it was incumbent on Hicks to timely object and identify the specific evidence he contended should have been suppressed under the exclusionary rule. *Tumlinson v. State*, 663 S.W.2d 539, 544 (Tex.App.-Dallas 1983, pet. ref'd). The only contention Hicks made was in his pleadings, where he contended that the evidence was the result of an invalid warrant. No elaboration or other objection was made. Having failed to specifically object to the admission of evidence about the seized items, Hicks waived any complaint about the validity of the warrant.

Hicks next contends that the evidence is legally and factually insufficient to support the trial court's finding that the $4,182.00 and other seized property was derived from the sale of controlled substances. There is sufficient evidence to support the trial court's judgment regarding the seized currency. There is legally insufficient evidence, however, to support the forfeiture of the remaining property.

■ When reviewing a "no evidence" point, this court may only consider the evidence and inferences tending to support the trial court's judgment, disregarding evidence and inferences to the contrary. *State v. $11,-014.00*, 820 S.W.2d 783, 784 (Tex.1991). If more than a scintilla of evidence exists to support the judgment, then the trial court's judgment must be upheld. *$9,050.00 in U.S. Currency v. State*, 874 S.W.2d 158, 161 (Tex. App.-Houston [14th Dist.] 1994, writ denied).

■ When reviewing an insufficient evidence point, we must consider and weigh all the evidence, including any evidence contrary to the court's judgment. *Spurs v. State*, 850 S.W.2d 611, 614 (Tex.App.-Tyler 1993, writ denied). The trial court's judgment may be set aside only if it is so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

■ Property, including currency, is subject to seizure and forfeiture if it is found to be contraband [3] or proceeds gained from the commission of a felony. TEX.CODE CRIM. PROC.ANN. art. 59.01(2)(A)–(D) (Vernon Supp. 1997). The State is required to show that probable cause exists for seizing the property. TEX. CONST. art. 1, § 9; *Fifty–Six Thousand, Seven Hundred Dollars in United States Currency v. State*, 730 S.W.2d at 661. The State must prove that there is a substantial connection or nexus between the property and the illegal activity. *Fifty–Six Thousand, Seven Hundred Dollars in United States Currency v. State*, 730 S.W.2d at 661. This is accomplished when the State proves that it is more reasonably probable than not that the seized currency was either intended for use in, or derived from, a violation of the offenses listed in the forfeiture statute. *$22,-922.00 v. State*, 853 S.W.2d 99, 101 (Tex.App.-Houston [14th Dist.] 1993, writ denied).

■ The State must prove by a preponderance of the evidence that the seized currency was subject to forfeiture. *A 1985 Cadillac Limousine v. State*, 835 S.W.2d 822, 825 (Tex.App.-Houston [1st Dist.] 1992, writ denied). The proof may be made by circumstantial evidence. *Antrim v. State*, 868 S.W.2d 809, 812 (Tex.App.-Austin 1993, no writ). When relying on circumstantial evidence, the State must offer proof which raises more than a mere surmise or suspicion regarding the source of the money. *Money of the United States in the Amount of $8,500.00 v. State*, 774 S.W.2d 788, 792 (Tex. App.-Houston [14th Dist.] 1989, no writ). The court may draw any and all reasonable inferences from the circumstances shown by the evidence. *Three Thousand Four Hundred Fifty Dollars in U.S. Currency v. State*, 743 S.W.2d 759, 762 (Tex.App.-El Paso 1988, writ denied). The State was not required to exclude every possible means that the currency might have been acquired by Hicks. *Spurs v. State*, 850 S.W.2d at 614.

---

3. Contraband is defined as any property used in the commission of a felony. TEX.CODE CRIM.PROC. ANN. Art. 59.01(2)(A)(i)–(iii) (Vernon Supp.1997).

There is no direct evidence connecting the seized currency and property to the sale of controlled substances. The State, therefore, was required to present sufficient circumstantial evidence showing that, under all the circumstances raised by the evidence, it is more reasonable than not that the recovered money and property were derived from the sale of controlled substances. *Spurs v. State*, 850 S.W.2d at 614. The State met its burden in connection with the seized $4,182.00, but failed as to the other property.

■ Hicks contends that because the State did not introduce in evidence the seized items of property themselves, or even a list of them, there was insufficient evidence to support their forfeiture. We disagree. It was not necessary to introduce the very items. McCandless's testimony identifying the currency he seized was sufficient, absent an objection, to prove that it was the seized currency sought to be forfeited. McCandless testified that the seized currency was discovered in some clothing in the closet of Hicks's master bedroom. He testified that methamphetamine was discovered in the kitchen and dining room areas of the residence. McCandless testified that two scales were also recovered from the residence, as were many small zip-lock baggies, which McCandless said were the kind used to package "small quantities of meth or cocaine or rock" for sale.

McCandless's testimony established more than a mere surmise or suspicion that the money was connected to drug trafficking. It is more reasonably probable than not that the seized currency was either intended for use in, or derived from, the sale of controlled substances. *See $22,922.00 v. State*, 853 S.W.2d at 101. The evidence supports the trial court's judgment that the currency was derived from the sale of a controlled substance.

Hicks incorrectly contends that the finding of drug paraphernalia in his residence is insufficient to support the conclusion that the money was derived from the sale of any controlled substance. He relies on *Fifty–Six Thousand, Seven Hundred Dollars in United States Currency v. State* to support his contention that "when circumstances are con-

sistent with either of two facts and nothing shows that one is more probable than the other, neither fact can be inferred." 730 S.W.2d at 662. This is a correct statement of law, but it is inapplicable to this case.

The case of *Fifty–Six Thousand, Seven Hundred Dollars in United States Currency v. State* is distinguishable. The defendant in that case presented direct evidence that he was involved in several construction projects in Mexico and, due to the devaluation of the peso, found it necessary to keep the money on hand so that he could pay his subcontractors and suppliers in advance for their services. *Id.* at 662. The court held that the defendant's explanation was as reasonable as the State's contention that the money was from the sale of drugs. In this case, however, Hicks did not produce any evidence equally consistent with the State's contention that the money was derived from drug sales.

Hicks argues that the mere fact that the baggies could be used for narcotic trafficking does not necessarily prove that they were used for such activity. Conclusive proof, however, is not required. This is a civil action requiring only a preponderance of the evidence to sustain the State's burden of proof. TEX.CODE CRIM.PROC.ANN. arts. 59.01(2), 59.02(a), 59.05(b) (Vernon Supp. 1997); *$162,950.00 in Currency of United States v. State*, 911 S.W.2d 528, 529 (Tex. App.-Eastland 1995, writ denied). Moreover, the baggies are not the only circumstantial evidence of drug sales. Two scales and methamphetamine were also recovered from Hicks's residence. These items were in close proximity to the recovered baggies. The trial court's conclusion that Hicks was involved in drug trafficking is a permissible and reasonable inference based on the evidence. *Three Thousand Four Hundred Fifty Dollars in U.S. Currency v. State*, 743 S.W.2d at 762.

Hicks also argues that, because his criminal conviction was for possession of methamphetamine rather than for sale of it, there is insufficient evidence to support a finding that the currency was derived from, or used in, the sale of drugs. The weighing scales and large supply of small zip-lock baggies, however, are usually related to drug sales rather

than mere possession, and their presence near the large amount of currency lends credence to an inference that they were all used in drug sales rather than mere possession.

Hicks next asserts that there was no showing of when, where, or from whom the currency was acquired, or the other circumstances surrounding Hicks's acquisition of the currency. The State is not required to exclude every possible means by which Hicks may have acquired the currency. *Spurs v. State,* 850 S.W.2d at 614. The State is required to offer evidence that raises more than a surmise or suspicion that the currency was derived from drug sales. *Money of the United States in the Amount of $8,500.00 v. State,* 774 S.W.2d at 792.

The currency was not the only property the State sought to recover. In its initial "Notice of Seizure and Intended Forfeiture," the State sought forfeiture of all the property seized from Hicks's residence, including currency, guns, holsters, ammunition, cross bows, scales, lock pick kit, digital answering machine, telephone index, laser disk player, football and baseball cards, and pornographic magazines and videos. The seized property was described on a list attached to the State's pleading. At trial, the State first contended that only the seized currency was at issue. The State then informed the court that they were seeking forfeiture "of the other items seized." The trial court's judgment ordered that all the seized property be forfeited.

Hicks correctly asserts that instruments attached to pleadings are not evidence. *See American Fire and Indem. Co. v. Jones,* 828 S.W.2d 767, 769 (Tex.App.-Texarkana 1992, writ denied). The only mention of the remaining seized property is the list attached to the State's pleadings. McCandless testified to the recovery and seizure of the currency and scales, but never specifically mentioned the other seized items. McCandless also testified about a list of items seized from Hicks's residence, but the State never introduced the list into evidence. McCandless's testimony cannot be used as evidence of the other items that the State sought to recover. There is no evidence, therefore, to support the trial court's judgment ordering forfeiture of the other items seized from Hicks's residence.

The evidence is legally sufficient to support the trial court's judgment forfeiting the currency. *See State v. $11,014.00,* 820 S.W.2d at 784. And it cannot be said that the judgment is so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust. *See Cain v. Bain,* 709 S.W.2d at 176.

The trial court's judgment will be reformed to forfeit only the described United States currency. As reformed, the judgment is affirmed.