COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

                                        NO. 2-05-181-CV

 

 

$1,590.00
U.S. CURRENCY                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                            APPELLEE

 

                                                    

                                              ------------

 

           FROM THE 97TH DISTRICT COURT OF MONTAGUE
COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Terry Dewayne Watson appeals from the forfeiture
of $1,590 seized during his arrest for possession of a controlled
substance.  A Bowie police officer
stopped Watson on Valentine=s Day
2002 after the vehicle Watson was driving swerved into the officer=s
traffic lane.  During the stop, police
searched a black bag in the vehicle and found syringes containing a liquid they
believed to be a controlled substance. 
The police arrested Watson and performed a pat-down search of him,
through which they recovered a motel room key and Watson=s wallet
containing $1,590 in cash.  Searches of
the vehicle and motel room netted more drugs and drug paraphernalia commonly
used to manufacture methamphetamine.

The issue presented in Watson=s pro se
brief complains that evidence was impermissibly seized from the vehicle and
motel room because the police did not obtain warrants for the searches.  However, Watson did not file a motion to
suppress this evidence, nor did he object to testimony from Bowie police
officer Kirk Berryman regarding the searches of the vehicle and motel room and
the subsequent recovery of the money, drugs, scales, and other drug
paraphernalia found there.[2]  








To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling, if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P. 33.1(a); see
also Tex. R. Evid.
103(a)(1).  If a party fails to do this,
error is not preserved, and the complaint is waived.  Bushell v. Dean, 803 S.W.2d 711, 712
(Tex. 1991) (op. on reh=g). 
Because Watson did not object when the State presented testimony of the
evidence seized pursuant to the warrantless searches, he has not preserved his
challenge to the searches for appeal.  See
Four Thousand One Hundred Eighty‑Two Dollars in U.S. Currency v. State,
944 S.W.2d 24, 27 (Tex. App.CTexarkana 1997, no
writ) (holding appellant=s complaint about the validity of a police
search waived because appellant failed to object to the admission of evidence
about the seized items). 

Watson also asserts in his issue that no lab
analysis was performed on Aany drug
found in [the] vehicle that Mr. Watson was driving,@ and he
points to a $728 check sent to him by his lawyer to explain the source of some
of the cash in his billfold.  We construe
this as an attack on the sufficiency of the evidence supporting the trial court=s
judgment of forfeiture. 

Forfeiture proceedings of seized property are
civil in nature.  See Tex. Code Crim. Proc. Ann. art. 59.05
(Vernon Supp. 2005).  The State must
prove by a preponderance of the evidence that the property seized is contraband
subject to forfeiture.  See id.
art. 59.02(a)-(b).  In a trial to the
court when, as in this case, no findings of fact or conclusions of law are
filed, the trial court=s judgment implies all findings of fact
necessary to support it.  See Pharo v.
Chambers County, 922 S.W.2d 945, 948 (Tex. 1996).  When legal and factual sufficiency of the
evidence challenges are raised, the applicable standard of review is the same
as that to be applied in the review of jury findings or a trial court=s findings of
fact.  Roberson v. Robinson, 768
S.W.2d 280, 281 (Tex. 1989).








Officer Berryman testified that two of the
four syringes found in the bag inside the vehicle that Watson was driving Ahad
liquid substance in them@ and that Aone
showed 30 units of liquid, and one showed 40 units of liquid in it.@ Officer
Berryman further testified that this liquid was tested in the Texas Department
of Public Safety=s Abilene laboratory and was
determined to be methamphetamine.  Watson
offered no admissible evidence to the contrary. 
Also, Watson claimed that the $728 check was the source of some of the
cash; as the court noted, however, the check was dated September 7, 2001Cover
five months before Watson was arrested with the cash in his wallet.

The trial court, as the factfinder, is the sole
judge of the credibility of witnesses and the weight to be given to their
testimony.  See Golden Eagle
Archery, Inc. v. Jackson, 116 S.W.3d 757, 761 (Tex. 2003).  Accordingly, evaluating the evidence under
the proper standards of review,[3]
we conclude that the evidence was legally and factually sufficient to support
the trial court=s judgment of forfeiture.  Having determined that Watson waived his
challenges to the searches and that the evidence was sufficient to support the
judgment of forfeiture, we overrule Watson=s issue.








Finally, Watson asserts that the Bowie police
department unlawfully seized his vehicle and sold it at an auction without his
consent or knowledge. The clerk=s record
shows that the trial court signed an order for partial non-suit dismissing the
State=s
forfeiture action against the vehicle on April 12, 2005Ctwo
weeks before the forfeiture hearing. 
Therefore, the judgment of forfeiture did not forfeit Watson=s
vehicle.  If Watson contends that the
Bowie police department improperly sold his vehicle, this argument goes outside
the record.  We cannot look outside the
record in an effort to discover relevant facts omitted by the parties; rather,
we are bound to determine this case on the record as filed.  Sabine Offshore Serv., Inc. v. City of Port
Arthur, 595 S.W.2d 840, 841 (Tex. 1979). 
Accordingly, we overrule Watson=s
complaint regarding the sale of his vehicle.

Having overruled Watson=s issue
and additional complaint on appeal, we affirm the trial court=s
judgment.

 

PER
CURIAM

PANEL F:    MCCOY, GARDNER, AND WALKER, JJ.

DELIVERED:  December 15, 2005











[1]See Tex. R. App. P. 47.4.





[2]Watson does argue that the trial court erred in
denying a motion to suppress that was filed in a separate criminal
proceeding.  Because Watson did not file
the motion to suppress in the forfeiture proceeding that is the subject of this
appeal, we do not address it here.





[3]See City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005); Mar. Overseas
Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex.), cert. denied, 525
U.S. 1017 (1998); Garza v. Avilar, 395 S.W.2d 821, 823 (Tex. 1965).