$1,590.00 U.S. Currency v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-181-CV

$1,590.00 U.S. CURRENCY APPELLANT

V.

THE STATE OF TEXAS APPELLEE

------------

FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Terry Dewayne Watson appeals from the forfeiture of $1,590 seized during his arrest for possession of a controlled substance.  A Bowie police officer stopped Watson on Valentine’s Day 2002 after the vehicle Watson was driving swerved into the officer’s traffic lane.  During the stop, police searched a black bag in the vehicle and found syringes containing a liquid they believed to be a controlled substance.  The police arrested Watson and performed a pat-down search of him, through which they recovered a motel room key and Watson’s wallet containing $1,590 in cash.  Searches of the vehicle and motel room netted more drugs and drug paraphernalia commonly used to manufacture methamphetamine.

The issue presented in Watson’s pro se brief complains that evidence was impermissibly seized from the vehicle and motel room because the police did not obtain warrants for the searches.  However, Watson did not file a motion to suppress this evidence, nor did he object to testimony from Bowie police officer Kirk Berryman regarding the searches of the vehicle and motel room and the subsequent recovery of the money, drugs, scales, and other drug paraphernalia found there.
(footnote: 2)  

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a); 
see also
 
Tex. R. Evid.
 103(a)(1).  If a party fails to do this, error is not preserved, and the complaint is waived.  
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).  Because Watson did not object when the State presented testimony of the evidence seized pursuant to the warrantless searches, he has not preserved his challenge to the searches for appeal.  
See Four Thousand One Hundred Eighty-Two Dollars in U.S. Currency v. State
, 944 S.W.2d 24,
 27 (Tex. App.—Texarkana 1997, no writ)
 (holding appellant’s complaint about the validity of a police search waived because appellant failed to 
object to the admission of evidence about the seized items). 

Watson also asserts in his issue that no lab analysis was performed on “any drug found in [the] vehicle that Mr. Watson was driving,” and he points to a $728 check sent to him by his lawyer to explain the source of some of the cash in his billfold.  We construe this as an attack on the sufficiency of the evidence supporting the trial court’s judgment of forfeiture. 

Forfeiture proceedings of seized property are civil in nature.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 59.05 (Vernon Supp. 2005).  The State must prove by a preponderance of the evidence that the property seized is contraband subject to forfeiture.  
See id.
 art. 59.02(a)-(b).  
In a trial to the court when, as in this case, no findings of fact or conclusions of law are filed, the trial court’s judgment implies all findings of fact necessary to support it.  
See Pharo v. Chambers County
, 922 S.W.2d 945, 948 (Tex. 1996).  When legal and factual sufficiency of the evidence challenges are raised, the applicable standard of review is the same as that to be applied in the review of jury findings or a trial court’s findings of fact.  
Roberson v. Robinson
, 768 S.W.2d 280, 281 (Tex. 1989).

Officer
 
Berryman testified that two of the four syringes found in the bag inside the vehicle that Watson was driving “had liquid substance in them” and that “one showed 30 units of liquid, and one showed 40 units of liquid in it.” Officer Berryman further testified that this liquid was tested in the Texas Department of Public Safety’s Abilene laboratory and was determined to be methamphetamine.  Watson offered no admissible evidence to the contrary.  Also, Watson claimed that the $728 check was the source of some of the cash; as the court noted, however, the check was dated September 7, 2001—over five months before Watson was arrested with the cash in his wallet.

The trial court, as the factfinder, 
is the sole judge of the credibility of witnesses and the weight to be given to their testimony
.  
See
 
Golden Eagle Archery, Inc. v. Jackson
, 116 S.W.3d 757, 761 (Tex. 2003).  Accordingly, evaluating the evidence under the proper standards of review,
(footnote: 3) we conclude that the evidence was legally and factually sufficient to support the trial court’s judgment of forfeiture.  Having determined that Watson waived his challenges to the searches and that the evidence was sufficient to support the judgment of forfeiture, we overrule Watson’s issue.

Finally, Watson asserts that the Bowie police department unlawfully seized his vehicle and sold it at an auction without his consent or knowledge. The clerk’s record shows that the trial court signed an order for partial non-suit dismissing the State’s forfeiture action against the vehicle on April 12, 2005—two weeks before the forfeiture hearing.  Therefore, the judgment of forfeiture did not forfeit Watson’s vehicle.  If Watson contends that the Bowie police department improperly sold his vehicle, this argument goes outside the record
.  We cannot look outside the record in an effort to discover relevant facts omitted by the parties; rather, we are bound to determine this case on the record as filed. 
 Sabine Offshore Serv., Inc. v. City of Port Arthur
, 595 S.W.2d 840, 841 (Tex. 1979)
.  Accordingly, we overrule Watson’s complaint regarding the sale of his vehicle.

Having overruled Watson’s issue and additional complaint on appeal, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, GARDNER, AND WALKER, JJ.

DELIVERED:
  December 15, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.

2:
Watson does argue that the trial court erred in denying a motion to suppress that was filed in a separate criminal proceeding.  Because Watson did not file the motion to suppress in the forfeiture proceeding that is the subject of this appeal, we do not address it here.

3:
See City of Keller v. Wilson
, 168 S.W.3d 802, 827 (Tex. 2005); 
Mar. Overseas Corp. v. Ellis
, 971 S.W.2d 402, 406-07 (Tex.), 
cert. denied
, 525 U.S. 1017 (1998); 
Garza v. Avilar
, 395 S.W.2d 821, 823 (Tex. 1965)
.