ACCEPTED
06-14-00085-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/3/2015 9:03:24 AM
DEBBIE AUTREY
CLERK

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

3/3/2015 9:03:24 AM

DEBBIE AUTREY
Clerk

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-05-00068-CV

_____

$800.00 IN U.S. CURRENCY, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 62nd Judicial District Court
Lamar County, Texas
Trial Court No. 71954

_____

Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Responding to a 9-1-1 report of a domestic disturbance, Paris police officers encountered

Sammy Earl Woods. At the scene, Woods' girlfriend advised officers she believed that Woods had a

weapon. Officers described Woods as nervous, "antsy," exhibiting paranoia, and sweating profusely. Because of their safety concerns, officers handcuffed Woods and conducted a pat-down search, finding a syringe, marihuana, methamphetamine, and $800.00 cash in Woods' pockets. After Woods pled guilty to possession of a controlled substance, the County Attorney's Office commenced a forfeiture proceeding, claiming that the $800.00 found in Woods' pockets was contraband. After a hearing, the trial court held that the money was contraband and ordered that it be forfeited to the State of Texas. Woods appeals from the trial court's ruling.

We affirm the judgment of the trial court because we hold (1) searching Woods' person was legal, (2) legally and factually sufficient evidence supported the trial court's ruling, (3) the trial court did not deny Woods the right to cross-examine officers Lee Foreman or Matt Moody, and (4) Woods was not entitled to have an attorney appointed to represent him in the forfeiture proceeding.

*(1)    Searching Woods' Person Was Legal*

Woods contends an illegal search led to the seizure of the $800.00. The evidence in the record shows that the Paris police officers were responding to a call about a domestic disturbance. Woods' girlfriend told officers at the scene that she believed Woods possessed a weapon. Woods appeared nervous and kept sticking his hands in his pockets. At that point, the officers handcuffed Woods and conducted a pat-down search of his person. The officer felt an object that he recognized as a syringe. On removing the syringe, the officer also discovered a bag containing marihuana. At that point, Woods was placed under arrest and searched for additional contraband. That search turned up the methamphetamine and cash in his other pockets.

A pat-down search is reasonable where the officer can point to specific and articulable facts that reasonably warrant the intrusion. *O'Hara v. State*, 27 S.W.3d 548, 550–51 (Tex. Crim. App.

2000), *citing Terry v. Ohio*, 392 U.S. 1, 21 (1968). Here, the officer testified that (1) he was told Woods may have a weapon and (2) Woods appeared nervous and kept sticking his hands in his pockets. These are specific articulated facts that warrant a pat-down search.

When an officer is conducting a pat-down search, no additional privacy interest is implicated by the seizure of an item whose identity is already plainly known through the officer's sense of touch. *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993). Here, the officer felt an item that he knew was a syringe. On removing the syringe, he discovered the marihuana. After discovering the marihuana, officers placed Woods under arrest. The subsequent search, conducted incident to the arrest, revealed the $800.00 cash made the subject of this case. From the record before us, it appears the search was reasonable. We overrule this point of error.

*(2)    Legally and Factually Sufficient Evidence Supported the Trial Court's Ruling*

Woods claims the evidence was legally and factually insufficient to support a finding that the $800.00 cash was contraband. When we review a challenge to the legal sufficiency of the evidence, we consider only the evidence and inferences tending to support the trial court's findings and disregard all evidence and inferences to the contrary. *See Weirich v. Weirich*, 833 S.W.2d 942, 945 (Tex. 1992). In reviewing the factual sufficiency of the evidence, we must consider and weigh all the evidence and set aside the judgment only if that judgment is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam). Where, as in this case, findings of fact and conclusions of law are neither filed nor requested, the appellate court must presume that the trial court made all the necessary findings to support the judgment. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex. 1977); *see Money of the United*

*States in the Amount of $8,500.00 v. State*, 774 S.W.2d 788, 791 (Tex. App.—Houston [14th Dist.] 1989, no writ).

In a forfeiture proceeding, the State must prove by a preponderance of the evidence that the property seized is contraband and, therefore, the property is subject to forfeiture. TEX. CODE CRIM. PROC. ANN. arts. 59.02(a), 59.05(b) (Vernon Supp. 2005); *see $9,050.00 in United States Currency v. State*, 874 S.W.2d 158, 161 (Tex. App.—Houston [14th Dist.] 1994, writ denied). Contraband is defined, in part, as any property that is used or intended to be used in the commission of any felony under Chapter 481 of the Texas Health and Safety Code (Texas Controlled Substances Act). *See* TEX. CODE CRIM. PROC. ANN. art. 59.01(2) (Vernon Supp. 2005). The State has the burden of proving there is a substantial nexus between the property and the illegal activity. *$4,182 v. State*, 944 S.W.2d 24, 27 (Tex. App.—Texarkana 1997, no writ).

Officer Joel Chipman testified he found $800.00 cash in Woods' pockets, along with marihuana, methamphetamine, and a syringe. He also testified the $800.00 was found in two $100 bills, twenty-two $20s, nine $10s, and fourteen $5s, denominations Chipman testified were consistent with what persons involved in the narcotics trade would have in their possession. Further, Woods pled guilty to felony possession of a controlled substance in connection with this episode. Woods claimed that the money was part of a home improvement loan he had recently received. However, the record contains no evidence, other than Woods' assertion, of any loan.

Reviewing only the evidence supporting the trial court's ruling, we hold the State met its burden and proved it was more probable than not that the $800.00 was either used, or intended to be used, in the commission of a felony drug offense. Considering all of the evidence in the record, we

hold that the trial court's ruling was not so contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust. Accordingly, we overrule this point of error.

In what is also effectively an attack on the sufficiency of the evidence, Woods contends Chipman presented false testimony during the hearing. Woods asserts that Chipman lied about the events surrounding Woods' arrest. Woods also contends Chipman lied about the existence of a home improvement loan Woods alleged he had received.

Except for Woods' claims, obviously not believed by the trial court, there is no evidence in the record to support Woods' contentions. Woods was allowed to cross-examine Chipman regarding his search and arrest. If Woods had wished to rebut the testimony of Chipman, he could have called other witnesses to do so. He did not. We cannot conclude that Chipman presented false testimony at the hearing or that any such testimony could have changed the outcome of the hearing. Accordingly, we overrule this point of error.

(3)    *The Trial Court Did Not Deny Woods the Right to Cross-Examine Officers Foreman and Moody*

Woods contends he was not allowed to cross-examine officers Foreman and Moody at his forfeiture hearing. Neither officer was presented as a witness by either the State or Woods. Therefore, no direct examination took place and hence no cross-examination was possible.

Officer Foreman was present at the hearing. Woods never asked to question Foreman. Officer Moody was not present at the hearing. If Woods had wished to question him, he could have secured his presence through subpoena or other process. There is no evidence in the record that Woods made an attempt to do so. We find no basis for this complaint and overrule this point of error.

(4)    *Woods Was Not Entitled To Have an Attorney Appointed To Represent Him in the Forfeiture Proceeding*

Woods contends he was denied the assistance of counsel at the hearing. A forfeiture hearing is a civil proceeding. It is conducted in the same manner and under the same rules as all other civil cases. *See* TEX. CODE CRIM. PROC. ANN. art. 59.05(a)(b) (Vernon Supp. 2005).

While a trial court may occasionally appoint counsel to represent an indigent party, a civil litigant has no constitutional right to a free lawyer. *See Sandoval v. Rattikin*, 395 S.W.2d 889, 893–94 (Tex. Civ. App.—Corpus Christi 1965, writ ref'd n.r.e.). Additionally, there is no statutory right to appointed counsel during a forfeiture proceeding. Accordingly, we overrule this point of error.

We affirm the judgment of the trial court.

Josh R. Morriss, III
Chief Justice

Date Submitted:     November 21, 2005
Date Decided:       November 22, 2005