Clarence SPURS, $17,590 and One Ledger, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–90–00086–CV.

Court of Appeals of Texas, Tyler.

April 30, 1992.

Rehearing Denied June 2, 1992.

Bill Rosenstein, Tyler, for appellant.

Jack Skeen, Jr., Crim. Dist. Atty., Tyler, for appellee.

Before CHADICK, BISSETT and SMITH, JJ.[1]

SMITH, Justice (Assigned).

This is an appeal from a judgment granting forfeiture of $17,590 pursuant to the provisions of The Texas Controlled Substances Act, Vernon's Annotated Civil Statutes, Art. 4476–15 *et seq.* (Vernon Supp. 1986). The trial court found that the money was derived from the sale of marijuana and subject to forfeiture to the State of Texas.

The facts of this case are for the most part undisputed. On April 29, 1986, Appellant, Clarence Spurs, was stopped by a police officer for a traffic violation. The officer observed a ledger, a gun, and $17,-590 in U.S. currency in Spurs' vehicle. Spurs was arrested, the discovered items were seized by the police, and Spurs was given proper notice of intended forfeiture of the money.

Spurs' Louisiana attorney timely filed an answer to the state's suit on June 18, 1986. No further action is shown in the record until March 9, 1987, when a Texas law firm filed an amended answer, identical to the first answer but showing a change to Texas attorneys. On March 11, 1987, the trial court made its first setting of the case. The case was later tried, appealed, reversed and remanded in an unpublished opinion, and then retried. It is from the judgment of the second trial that this appeal is taken.

■ Appellant's first point of error complains that the trial court erred in not granting his motion to dismiss the State's case because a hearing was not set within 30 days after Appellant had filed his answer. He states that Article 4476–15, Sec. 5.07(a) makes it mandatory that a court set a hearing within 30 days after an answer is filed. The State contends that the 30 day requirement is directory only.

Section 5.07(a), in pertinent part, states:

If an answer is filed, a time for hearing on forfeiture shall be set within 30 days of filing the answer and notice of the hearing shall be sent to all parties.

The parties to this cause of action filed their briefs almost 2 years before this case was set for a hearing in this Court. The cases cited revealed that the Texas intermediate appellate courts in 1990 were divided on the question of whether the word "shall" is mandatory or directory when the statute says "A hearing—shall be set within thirty days of filing the answer—."

After the parties' briefs were filed, the Texas Supreme Court denied applications for writs of error in two cases that held the word "shall" is mandatory, in Section 5.07(a). *See Epifanio Lopez, Jr. v. State of Texas,* 797 S.W.2d 272, 273 (Tex.App.—Corpus Christi 1990, writ denied), and *State of Texas v. $4097 in U.S. Currency and 1980 GMC P/U VIN TCZ14AS507291,* 773 S.W.2d 674, 676 (Tex.App.—Fort Worth 1989, writ denied).

We note that in *Lopez,* Chief Justice Nye of the Corpus Christi Court wrote a well reasoned dissent in which he pointed out that the legislature has enacted new legislation which does not include the 30 day setting requirement and he was of the opinion that the word "shall" should be construed as directory. This argument was tacitly rejected by the Supreme Court's denial of the application for writ of error. We are of the opinion that of the Supreme Court's denial of writs of error in *Lopez* and *$4097 in U.S. Currency,* requires that we hold that the word "shall" as used in Sec. 5.07(a) imposes mandatory requirement, and is not merely directory in nature.

1. The panel before whom this cause was submitted consisted of T.C. Chadick, retired chief justice, Court of Appeals, Sixth District of Texas at Texarkana. Honorable Gerald T. Bissett, retired justice, Court of Appeals, Thirteenth District of Texas at Corpus Christi. Honorable Jackson B. Smith, Jr., retired justice, Court of Appeals, First District of Texas at Houston, sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

In the present case, the Appellant filed his answer to the State's petition for forfeiture on June 18, 1986. The first setting for a hearing by the trial court was made on March 11, 1987. This first setting was more than 260 days after the Appellant had filed his answer. The State contends that because the Appellant filed an amended answer and the court set the case for a hearing within 30 days thereafter, that the court complied with the statutory requirements. We find no merit to this contention. Section 5.07(a) is not ambiguous; in fact, it is abundantly clear that a setting shall be made within 30 days after answer is made. The court lost its jurisdiction to conduct a hearing on the merits of the State's petition because it failed to follow the required statutory–30–day mandate.

We hold that the word "shall" as used in Art. 4476–15, Sec. 5.07(a), wherein a setting was required after answer was filed is mandatory.

We also hold that because the trial court did not set this case within 30 days, as required by Sec. 5.07(a), it had no authority thereafter to conduct a trial on the merits of the State's case; it had lost jurisdiction of the subject matter.

We further hold that the trial court erred in not granting the Appellant's motion to dismiss the State's petition because the trial court failed to set the case within 30 days as required by the statute.

Appellant's first point of error is sustained. Appellants other points of error are not addressed because of our disposition of the case.

We reverse the trial court's judgment and render judgment for the Appellant that the $17,590 be returned to the Appellant.