Clarence SPURS, $17,590.00 and One Ledger, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–90–00086–CV.

Court of Appeals of Texas, Tyler.

Feb. 17, 1993.

Opinion Denying Rehearing April 28, 1993.

Rehearing Denied June 14, 1993.

Bill Rosenstein, Tyler, for appellant.

Amy Blalock, Asst. Dist. Atty., Tyler, for appellee.

### *OPINION ON REMAND*

HOLCOMB, Justice.

This is a remand[1] from an appeal[2] from a trial court's grant of a judgment of forfeiture more than 30 days after the defendant had filed an answer. After our original opinion and on the same day this case was remanded, the Supreme Court delivered their opinion in *State v. $435,000,* 842 S.W.2d 642 (Tex.1992) (per curiam), settling discrepancies among the various appeals courts in Texas on this issue. Applying their holding in that case, the Supreme Court reversed the panel of this Court,[3] overruled Appellant's point of error number one, and remanded for consideration of Appellant's other points of error.

By his second point of error, Appellant contends that the trial court erred in allowing the State to introduce evidence attempting to prove Appellant sold or delivered marihuana and that the $17,590 was derived from the sale for delivery of marihuana because of the State's failure to supplement its answers to interrogatories, and because the State's answers to interrogatories constituted judicial admissions that the

---

1. *State v. Clarence Spurs, $17,590 & One Ledger,* 842 S.W.2d 645 (Tex.1992).

2. *Clarence Spurs, $17,590 & One Ledger v. State,* 831 S.W.2d 40 (Tex.App.—Tyler 1992).

3. Panel sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant to Tex.Gov't Code Ann. § 74.003(b) (Vernon 1988).

only violation of TEX.REV.CIV.STAT.ANN. art. 4476–15 (Vernon Supp.1986) was "possession of marihuana," and the court erred in entering a judgment forfeiting the $17,590 to the State because there was no evidence the money was derived from the illegal sale or delivery of marihuana.

By his third, fourth, and fifth points of error, Appellant claims there was no evidence or insufficient evidence to support the judgment, and that he proved as a matter of law the money was not from the illegal sale or delivery of marihuana.

The State's evidence consisted of live testimony from four Texas law enforcement officers, Paul Fisher, Joe Abernathy, Robert Johnson, and Danny Green, and the stipulation that the controlled substance seized in the case was marihuana. Evidence showed that the Respondent, Clarence Spurs was headed east-bound on Interstate Highway 20 in Smith County, Texas, when the rental car he was driving was stopped for a violation. Officer Abernathy detected an odor of marihuana when he approached the car. Under the front seat on the passenger side, the officer found a maroon bag containing $17,590. Lying on top of the bag was a .44 magnum revolver. A green ledger book was discovered in a compartment in the rear of the vehicle. The officers found bits of marihuana debris and seeds throughout the vehicle. A .357 magnum revolver was also discovered in the vehicle.

Officer Abernathy testified that based upon his discovery of the $17,590, the ledger, the firearms, the marihuana, he believed that Clarence Spurs was engaged in the unlawful delivery of a controlled substance.

The ledger contained various symbols, such as "D, SK, OZ, 1/4, 1/2, LB," as well as numerical symbols. Officer Green testified that based upon his experience as a narcotics officer, these symbols are regularly used by individuals engaged in the illegal sale and delivery of narcotics. The ledger was Spurs' method of maintaining an inventory of his marihuana, of documenting his sales, to reflect reductions in inventory, and a record of cash receipts from marihuana sales. The ledger indicated a closing balance of $17,640, which was only $50.00 more than the amount of cash seized from the vehicle.

On cross-examination, Officer Green testified that Appellant was a "known trafficker" of controlled substances according to Louisiana authorities. He further testified that the ledger seized in this case "was the book of a dope dealer." According to the testimony, Appellant admitted that the funds were his, the .44 magnum was his, and the book was his. Appellant's explanation of the ledger book's contents was that he ran a bar in Shreveport and the entries were made in connection with that business.

■ In his second point, Appellant complained that the trial court erred in allowing the State to introduce evidence that the $17,590 was derived from the sale or delivery of marihuana because of the State's answers to interrogatories and the failure to supplement its answers constituted judicial admissions that the only violation of the TEXAS CONTROLLED SUBSTANCES ACT was possession of marihuana. It was true that the State listed possession of marihuana as Clarence Spurs' only violation of Article 4476–15. The trial court did not err however in admitting evidence over Appellant's objection that the State's evidence of sale or delivery of marihuana exceeded the scope of its answers to Appellant's interrogatories. We hold that the State was not required, under the facts of this case, to identify or prove actual sales or deliveries, but may show that the seized funds were more likely than not derived from the illegal sale or delivery of controlled substances. *Money of the United States in the amount of $8,500 v. State*, 774 S.W.2d 788, 792 (Tex.App.—Houston [14th Dist.] 1989, no writ); *Valles v. State*, 646 S.W.2d 636, 637–38 (Tex.App.—Houston [1st Dist.] 1983, no writ). In other words, the issue before the trial court was not whether the State could prove the criminal offense of delivery of a controlled substance beyond a reasonable doubt, but whether, by a preponderance of the evidence, the record shows that the money was derived from

the sale, manufacture, distribution, disposition, delivery, or other commercial undertaking violative of Article 4476–15. It was not error to admit the evidence at trial. The second point of error is overruled.

■ Points of errors three, four, and five all deal with sufficiency of the evidence and in finding and determining whether there is evidence of probative force to consider and to support a finding of the trial court, as the reviewing court, we must consider only the evidence and inferences tending to support the findings and disregard all the evidence and inferences to the contrary. *$56,700 in U.S. Currency v. State*, 730 S.W.2d 659, 661 (Tex. 1987). If there is any evidence of probative force to support the challenged finding then it must be upheld. *One 1984 Ford v. State*, 698 S.W.2d 279, 285 (Tex.App.—Fort Worth 1985, no writ). And in reviewing an insufficient evidence point, we must consider and weigh all evidence, including any evidence contrary to the court's judgment. *Money of the U.S. in the amount of $8,500 v. State*, 774 S.W.2d at 792; *One 1984 Ford v. State*, 698 S.W.2d at 285.

■ The only evidence offered at trial was presented by the State. The trial judge as the trier of facts was the sole judge of the weight to be given the evidence. Viewing the record as a whole, it cannot be said that the trial court's judgment, findings of fact and conclusions of law are so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *See Traweek v. Larkin*, 708 S.W.2d 942, 945 (Tex. App.—Tyler 1986, writ ref'd n.r.e.); *One 1984 Ford v. State*, 698 S.W.2d at 285.

■ In a contested forfeiture proceeding such as this, the State must establish a link or nexus between the property to be forfeited and the statutorily defined criminal activity. If there is no direct evidence, as here, linking the money to the sale of controlled substances, the State must present sufficient circumstantial evidence to meet its burden by a preponderance of the evidence. Under this standard, the State is required to prove that under all the circumstances raised by the evidence, it is more

reasonable than not that recovered money was derived from the sale of controlled substances. The State is required to offer proof which does more than raise mere surmise or suspicion regarding the source of the money. It is required to prove the fact through a balance of probabilities but it is not required to exclude every possible way in which the money might have been acquired. *See Money of the U.S. in the amount of $8,500 v. State*, 774 S.W.2d at 792. We find that a sufficient link or nexus between the money and the proscribed activity is demonstrated by the fact that the money was found in the car along with several weapons, marihuana, and the ledger. Expert testimony was admitted to prove that the ledger was a record of Appellant's illegal drug trafficking operation. The amount of money recovered was more than coincidentally close to the balance in the ledger. Having found that the evidence was sufficient to support a forfeiture, the trial court in this case was required by statute to forfeit the property seized. TEX.REV.CIV.STAT.ANN. art. 4476–15 § 5.07(d) (Vernon Supp.1986).

In his brief, Appellant argues that the case of *$2,067 in U.S. Currency v. State*, 745 S.W.2d 109 (Tex.App.—Fort Worth 1988, no writ), offers authority for his position that the State's evidence is insufficient to sustain a forfeiture judgment. In that case, a memo pad was seized along with seventeen capsules in one plastic bag, thirty-four capsules in another plastic bag, two capsules in another plastic bag, and a bag containing empty plastic capsules. The memo pad was found in a *Crown Royal* bag with $1,000. One page of the pad was entitled "Inventory," "B 1/2," and "G 1/2," the numbers being listed beside the letters. Another page contained names with numbers next to each. The State argued that the note pad was an inventory of drug dealings. The seizing officer admitted that he never personally observed any drug transaction, nor did he have personal knowledge that the money was the proceeds of a drug transaction. Neither did the State offer any evidence to establish that the symbols represented certain con-

trolled substances. The Fort Worth Court held that there was insufficient evidence to support a forfeiture.

That decision is distinguishable from the instant case. In the case at bar, the State presented a narcotic agent's expert testimony as to the interpretation of the symbols in the ledger seized in this case. We find that the trial court did not err in ordering forfeiture as the evidence viewed in its totality sufficiently supports by a preponderance of the evidence that the seized property is forfeitable. Accordingly, we overrule Appellant's third and fourth points of error.

In his fifth point of error, Appellant claims that since the State did not prove that he made an actual sale of marihuana in the State of Texas he has proved as a matter of law that the $17,590 was not derived from an illegal drug sale. Here, Appellant had no burden, so we consider this a "no evidence" argument by Appellant. For the same reasons point of error three was overruled, point of error five is overruled.

The judgment of the trial court is in all things affirmed.

### OPINION ON MOTION FOR REHEARING

Appellant argues that his original second point of error was that evidence of criminal activity, other than "possession of marijuana" could not be used because the State had not responded to or supplemented discovery with any activity other than "possession of marijuana." Appellant argues that TEXAS RULE OF CIVIL PROCEDURE 215(5) mandates the exclusion of evidence of any criminal activity which the State failed to provide or to supplement when properly requested in discovery. Appellant complains that this Court did not address the issue. Appellant must prove two elements to sustain his argument: (1) that Appellee failed to respond or to supplement discovery, and (2) that there is no good cause shown in the record. TEX.R.CIV.P. 215(5). Rule 215(5) gives the trial court discretion to allow evidence when "good cause sufficient to require admission exists." Appel-

lant did not assign error to this facet of the rule, so we must assume that the trial court found "good cause." When Appellant failed to raise or argue the lack of good cause shown in the record, he waived any error. Appellant's other arguments present nothing new to this Court and need not be discussed.

Appellant's motion for rehearing is denied.