NUMBER
13-04-526-CV

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

$32,960 IN U.S.
CURRENCY, ET AL.,                                              Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                    On appeal from the 267th District
Court

                                        of
Refugio County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

 








This is an appeal from a summary judgment granting
forfeiture of cash currency and a 1998 Chevrolet truck under the Contraband
Forfeiture Statute.[1]  The State alleges that appellant obtained the
currency and personal property as part of a money laundering scheme.  The trial court granted the State=s motion for summary judgment and adjudged that the
property be forfeited.  We affirm. 

Background Facts

On August 25, 2003, Refugio County Sheriff Deputy
Wayne Hill stopped  appellant, Domingo
Reyes, for a traffic violation.  Because
appellant only spoke Spanish, Officer Jeff Raymond of the Refugio Police
Department was dispatched to the scene to assist in translation.  After receiving a written warning, appellant
consented to a search of the 1998 Chevrolet truck that he was driving at the
time of the stop.  The ensuing search resulted
in the discovery of the currency made subject of this suit.  United States currency in the amount of
$32,960 was discovered hidden in the jack compartment under the rear passenger
seat wrapped in duct tape.  The State
filed a Notice of Seizure and Intention to Forfeit pursuant to Chapter 59 of
the Texas Code of Criminal Procedure.[2]  The State subsequently charged appellant with
money laundering.[3]   Appellant pled nolo contendere pursuant to a
plea bargain and was placed on deferred adjudication with community
supervision.  













In the ensuing civil forfeiture proceeding, both
parties filed motions for summary judgment.[4]   Appellant filed a no-evidence motion for
summary judgment pursuant to Texas Rule of Civil Procedure 166a(i).  See Tex.
R. Civ. P. 166a(i).  The State
responded to appellant=s motion and shortly thereafter filed a traditional
motion.  See Tex. R. Civ. P. 166a(a).  The State attached as summary judgment
evidence in its response to appellant=s motion and for its own motion the following
items:  (1) an affidavit of the State=s attorney setting forth the facts of the case
together with documentation; (2) Officer Hill=s
affidavit; (3) a copy of the indictment in cause number 2003-11-4444;[5]
(4) a copy of the deferred adjudication judgment; (5) a copy of the Judicial
Confession wherein appellant admitted that the allegations contained in the
indictment were Atrue and correct;@ (6) a
copy of the Plea Memorandum; and (7) a copy of the response to Interrogatory
Number 11 and Request for Admission Number 7, wherein appellant stated that he
made approximately $41,000 during the preceding four years and the currency
subject to this suit was discovered where alleged.  The trial court denied appellant=s motion and rendered judgment in favor of the
State. 

Appellant=s No-Evidence Summary
Judgment

Appellant raises four issues as to why the trial
court=s judgment should be reversed.  However, appellant=s arguments all allege that the trial court
considered inadmissible evidence in granting the State=s motion and without the alleged inadmissible
evidence there is no evidence to support the State=s allegations. 

Since both parties filed motions for summary
judgment we will review both motions.[6]  We first turn to appellant=s no-evidence motion for summary judgment.  Rule 166a(i) of the Texas Rules of Civil
Procedure provides: 

After adequate time for discovery, a party without
presenting summary judgment evidence may move for summary judgment on the
ground that there is no evidence of one or more essential elements of a claim
or defense on which an adverse party would have the burden of proof at trial.
The motion must state the elements as to which there is no evidence. The court
must grant the motion unless the respondent produces summary judgment evidence
raising a genuine issue of material fact.

 








Tex. R. Civ. P. 166a(i). 
Thus, the Texas Supreme Court has held that a Ano-evidence summary judgment is essentially a
pretrial directed verdict,@ and therefore, the standard of review for reviewing
a no-evidence summary judgment is the same standard used when reviewing a
directed verdict.  King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003).  Therefore, when reviewing a no-evidence
motion for summary judgment an appellate court reviews the evidence in the
light most favorable to the non-movant, and disregards all contrary evidence
and inferences.  Id.  A no evidence motion for summary judgment
will be granted only Awhen (a) there is a complete absence of evidence of
a vital fact, (b) the court is barred by rules of law or of evidence from
giving weight to the only evidence offered to prove a vital point, (c) the
evidence offered to prove a vital fact is no more than a mere scintilla of
evidence, or (d) the evidence conclusively establishes the opposite of the
vital fact."  See id. at 751
(quoting Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.
1997) (citations omitted)).  








Appellant contests admission
of the following evidence:  (1) the nolo
contendere plea; (2) the affidavit of Officer Hill; and (3) appellant=s answer to an interrogatory propounded upon him
whereby he answered that he made $41,000 in the four preceding years, and his
admission that the currency was discovered by Hill in the jack compartment of
the truck.  Assuming arguendo that
this evidence was inadmissible,[7]
the State still proffered other sufficient evidence to show that the money was
proceeds from an illegal activity and therefore constituted laundered money.[8]  When there is no direct evidence linking the
seized property to illegal activity, as is the case presently, the State must
present sufficient circumstantial evidence linking the two.  See Forty-Seven Thousand Two
Hundred Dollars U.S. Currency v. State, 883 S.W.2d 302, 308 (Tex. App.BEl Paso 1994, writ denied).  The State does not have to prove that a
specific crime was committed as appellant alleges.  See Spurs v. State, 850 S.W.2d 611,
613 (Tex. App.BTyler 1993, writ denied).    

The State offered
circumstantial evidence that was not objected to sufficient to warrant denial
of appellant=s no evidence motion for summary judgment.  For example, the State attached as evidence a
copy of appellant=s judicial confession, wherein appellant admitted
that the allegations contained in the indictment were Atrue and correct.@[9]  Thus, even
without consideration of the challenged evidence, the State did have evidence
that the money subject to this suit was contraband and therefore subjected to
forfeiture.  Accordingly, appellant=s no-evidence motion for summary judgment was
properly denied since the evidence offered was more than a mere scintilla.  Chapman, 118 S.W.3d at 751.








The
State=s Motion for Summary Judgment

We now turn to the State=s traditional motion for summary judgment.  The propriety of a
summary judgment is a question of law; therefore, an appellate court reviews
the trial court=s
granting of summary judgment de novo. 
Natividad v. Alexis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); see
Ortega v. City Nat=l
Bank, 97 S.W.3d 765, 771-72
(Tex. App.BCorpus Christi 2003, no pet.); Mobil Producing
Tex. & N.M. v. Cantor, 93 S.W.3d 916, 918 (Tex. App.BCorpus
Christi 2002, no pet.).  A summary
judgment will only issue when the movant has shown the right to summary
judgment as a matter of law.  Gibbs v.
Gen. Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970).  To be entitled to a traditional summary
judgment, the movant needs to establish its entitlement to summary judgment on
the issues expressly presented to the trial court by conclusively establishing
all essential elements of its cause of action or defense as a matter of
law.  Tex.
R. Civ. P. 166a(c); see Johnson County Sheriff=s Posse, Inc. v. Endsley, 926 S.W.2d 284, 285 (Tex. 1996); Williams v. Glash,
789 S.W.2d 261, 264 (Tex. 1990); Nixon v. Mr. Property Mgmt. Co., 690
S.W.2d 546, 548 (Tex. 1985). 

The summary judgment
proof must establish, as a matter of law, that there is no genuine issue of
fact concerning one or more of the essential elements of the plaintiff=s
cause of action or the defendant=s
affirmative defenses.  See Hermann
& Andreas Ins. Agency, Inc. v. Appling, 800 S.W.2d 312, 315 (Tex. App.BCorpus
Christi 1990, no writ).  In deciding
whether a material fact issue exists, which precludes granting summary
judgment, all evidence favoring the non-movant will be taken as true, with
reasonable inferences indulged and doubts resolved in favor of the
non-movant.  Nixon, 690 S.W.2d at
548-49; Appling, 800 S.W.2d at 315.








Again, the State=s
motion for summary judgment contained several attached items of summary
judgment evidence to which appellant did not object. This evidence shows a
substantial link that the money was contraband and as such it was subjected to
forfeiture.  The most probative evidence
is appellant=s judicial confession, in which appellant admitted Athat
all the allegations contained in the indictment are true and correct.@  Through the judicial confession and the other
non-objectionable evidence, the State conclusively proved a substantial
connection between the cash currency to be forfeited and the criminal activity
of money laundering as defined by the statute. 
See $18,800 in U.S. Currency v. State, 961 S.W.2d 257, 260 (Tex.
App.BHouston [1st Dist.] 1997, no writ).  Furthermore, by adopting the language of the
indictment in his Judicial Confession, appellant did not contest that he had
been involved in the Atransfer
and transport [of] the proceeds of criminal activity.@   This admission regarding Atransfer
and transport@ is considered sufficient to establish a link between
appellant=s seized 1998 Chevrolet truck and the underlying
crime of money laundering.  See, e.g.,
1991 Nissan Pickup v. State, 896 S.W.2d 344 (Tex. App.BEastland
1995, no writ) (holding that truck used to transport heroin from Mexico was
used in commission of offense); $ 47,200.00 v. State, 883 S.W.2d 302
(Tex. App.BEl Paso 1994, writ denied) (surmising that vehicles
used to transport marihuana were used in commission of a felony).  Therefore, we conclude that, regardless of
the admissibility of the objected-to evidence, the State has adequately
established a reasonable belief that a substantial connection exists between
the property to be forfeited and the underlying criminal activity.  See Tex.
Const. art. 1, '
9; State v. $11,014.00, 820 S.W.2d 783, 784 (Tex. 1991).  

Conclusion

The judgment of the trial
court is affirmed.  








 

                                           

Rogelio Valdez,

Chief Justice

 

 

Memorandum Opinion
delivered and filed

this 13th day
of October, 2005.











[1]See Tex. Code
Crim. Proc. Ann. arts.
59.01-59.11 (Vernon Supp. 2004-05). 





[2]Article 59.02(a) of the code of
criminal procedure states that property that is contraband is subject to
seizure and forfeiture under the statute. 
Tex. Code Crim. Proc. Ann.
art. 59.02(a) (Vernon Supp. 2004-05). 
Contraband is defined as Aproperty of any nature, including real, personal, tangible,
or intangible, that is used or intended to be used in the commission of any
felony under Chapter 34, Penal Code.@  Id. at
59.01(2)(b)(iv).  In order to be
"used in the commission" of a crime, the property must be used "before or during" the completion of the offense,
unless it is a continuing offense. See One 1985 Chevrolet v. State, 852
S.W.2d 932, 935 (Tex. 1993).





[3]See Tex. Pen. Code Ann. ' 34.02(a) (Vernon 2004).





[4]A suit under the Contraband
Forfeiture Statute is civil in nature.   Tex. Code Crim. Proc. Ann. art.
59.05(a); Ex parte Baucom, 928 S.W.2d 748, 752 (Tex. App.BBeaumont 1996, pet. ref=d).   Consequently, the State=s burden of proof in such a
proceeding is that of the civil standard, or in other words, the State must
prove the allegations by a preponderance of the evidence.  Tex.
Code Crim. Proc. Ann. art. 59.05(b); Ex parte Baucom, 928 S.W.2d
at 752.  

 

The State must show
probable cause, or a reasonable belief that a Asubstantial connection exists
between the property to be forfeited and the criminal activity defined by the
statute."  Hardy v. State,
102 S.W.3d 123, 129 (Tex. 2003) (quoting Fifty-Six Thousand Seven Hundred
Dollars in U.S. Currency v. State, 730 S.W.2d 659, 661 (Tex. 1987)
(citations omitted)); see also $ 18,800 in U.S. Currency v. State, 961
S.W.2d 257, 260 (Tex. App.-Houston [1st Dist.] 1997,
no writ).    Where there is no direct evidence linking the
seized property to illegal activity, the State must present sufficient
circumstantial evidence linking the property to illegal activity.  $ 162,950 in Currency of the United States
v. State, 911 S.W.2d 528, 529 (Tex. App.BEastland 1995, writ
denied)  However, the State does
not have to prove that a specific crime was committed.  $ 162,950 in Currency of the United States, 911 S.W.2d at 529.





[5]The criminal indictment reads in
pertinent:

 

On or about August 25, 2003, and anterior to the
presentment of this Indictment, in Refugio County, Texas, did then and there
knowingly acquire, receive, conceal, and possess and maintain an interest in
and transfer and transport the proceeds of criminal activity, to-wit: money, in
the value of $20,000 or more but less than $100,000; against the peace and
dignity of the State.





[6]The general rule is that a party
cannot appeal the denial of a motion for summary judgment because it is
interlocutory and therefore not appealable. 
See Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625  (Tex. 1996). 
However, when both parties move for summary judgment and the trial court
grants one of the motions and denies the other, the unsuccessful party may
appeal both the granting of the prevailing party=s motion and the denial of its own
motion.  See Holmes v. Morales,
924 S.W.2d 920, 922 (Tex. 1996).  As
such, we will review the summary judgment evidence presented by both sides,
answer all the legal issues presented, and render the judgment the trial court
should have rendered.  FM Props.
Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000); Comm=rs Court v. Agan, 940 S.W.2d 77, 81 (Tex. 1997).

 





[7]We note that appellant=s plea of nolo contendere was
inadmissible in this civil proceeding.  See
Tex. Code Crim. Proc. Ann. art.
27.02(5) (Vernon Supp. 2004-05) (establishing that a nolo contendere plea Amay not be used against the
defendant as an admission in any civil suit based upon or growing out of the
act upon which the criminal prosecution is based.@). 






[8]Money laundering is defined in
section 34.02 of the penal code and reads in pertinent part:

 

(a) A person
commits an offense [of money laundering] if the person knowingly:(1) acquires
or maintains an interest in, receives, conceals, possesses, transfers, or
transports the proceeds of criminal activity;(2) conducts, supervises, or
facilitates a transaction involving the proceeds of criminal activity; or                                      (3) invests, expends, or receives,
or offers to invest, expend, or receive, the proceeds of criminal activity or
funds that the person believes are the proceeds of criminal activity.

Tex. Pen. Code Ann. ' 34.02(a) (Vernon 2004).





[9]While appellant=s plea of nolo contendere was
inadmissible and could not have been properly considered an admission of guilt
in this proceeding, see Tex. Code
Crim. Proc. Ann. art. 27.02(5), we do not consider appellant=s judicial confession equivalent to
his plea of nolo contendere.  See
Barnes v. State, 103 S.W.3d 494, 497 (Tex. App.BSan Antonio 2003, no pet.) (AA defendant who pleads nolo
contendere does not need to concede the veracity of the stipulated evidence;
however, if the defendant concedes, the courts consider the stipulation a
judicial confession.@).