In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-437 CV


____________________



$763.30 U.S. CURRENCY and 2002 FORD F-250 PICKUP, Appellants


(WILLIAM RICHARD HOLCOMBE)



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 1-A District Court


Newton County, Texas


Trial Cause No. 11,928






MEMORANDUM OPINION


 Appellant William Richard Holcombe appeals the trial court's judgment forfeiting
$763.30 to the State of Texas. (1) On August 9, 2004, Deputy Sheriff Robert Walker of the
Newton County Sheriff's Department received a call regarding a fight in progress at Dee's
1 Stop located near Highway 87. Walker arrived at the store at approximately 5:30 p.m. and
spoke with the store clerk and the complainant. The deputy then proceeded to patrol the area
around the store to look for the people involved in the fight. When Walker drove toward
Newton on Highway 87, he saw Holcombe's 2002 Ford Pickup truck parked in the middle
of a county road and decided to check on the truck. According to Walker, as he pulled along
side the truck and rolled down his window, Holcombe drove away at "a high rate of speed." 
Because Walker had difficulty turning his vehicle around on the county road, he radioed
Deputy Michael Threadgill to stop the truck. Threadgill stopped Holcombe's truck by
initiating emergency flashers and pulling out in front of Holcombe as Holcombe tried to
"leave out." Deputy Walker arrived at the scene of the stop and sought to determine the
identity of the driver. Holcombe presented Walker with a fake driver's license and upon
further investigation, the officer discovered that Holcombe had recently received a DWI, had
a suspended driver's license and had outstanding warrants from Jasper County. Walker
asked Holcombe if he could conduct a search of the truck and Holcombe gave Walker
permission to search the truck. Walker then placed Holcombe under arrest for having
outstanding warrants. 

 In the front driver side seat, Walker discovered a black bag containing nineteen "small
plastic baggies" with a "crystal-like substance believed to be crystal meth." (2) The deputy also
found the following items: (1) two "meth pipes" containing residue next to the front seat; (2)
a black zipper bag containing several small empty plastic baggies in the back seat; (3) a large
bottle of MSM that field tested positive for methamphetamine; and (4) two plastic bottles in
the console, one containing "mini-tabs" and the other pure Ephedrine. 

 Deputy Walker seized from Holcombe $763.30 in currency and the 2002 Ford F-250
Pickup because Walker suspected that Holcombe was distributing and selling narcotics. In
a bench trial, the court granted the State's petition for forfeiture of the $763.30, and
Holcombe filed this appeal. 

 In his first issue, Holcombe challenges the legality of the traffic stop that led to the
seizure of the currency. Chapter 59 of the Texas Code of Criminal Procedure specifies the
circumstances in which property subject to forfeiture may be seized. See Tex. Code Crim.
Proc. Ann. art. 59.03 (Vernon Supp. 2006). The seizure of property without a warrant is
proper if: "(2) the seizure is incident to a search to which the owner, operator, or agent in
charge of the property knowingly consents; . . . or (4) the seizure was incident to a lawful
arrest, lawful search, or lawful search incident to arrest." Id. art. 59.03(b)(2), (4). Although
the record indicates that Holcombe consented to the search of his vehicle, we must still
determine whether the initial traffic stop was lawful because "law enforcement agents cannot
seize property if their actions leading up to the seizure are illegal." State v. Thirty Thousand
Six Hundred Sixty Dollars & No/100 ($30,660.00) in U.S. Currency, 136 S.W.3d 392, 397
(Tex. App.--Corpus Christi 2004, pet. denied).

 " A police officer can stop and briefly detain a person for investigative purposes if the
officer has a reasonable suspicion supported by articulable facts that criminal activity 'may
be afoot,' even if the officer lacks probable cause." Woods v. State, 956 S.W.2d 33, 35 (Tex.
Crim. App. 1997) (quoting Terry v. Ohio, 392 U.S. 1, 29, 88 S.Ct. 1868, 20 L.Ed.2d 889
(1968)). Reasonable suspicion exists if the officer has specific, articulable facts which, when
combined with rational inferences from those facts, would lead the officer to reasonably
suspect that a particular person actually is, has engaged in, or will soon be engaged in,
criminal activity. Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). This standard
is objective and disregards any subjective intent of the officer making the stop and looks
solely to whether an objective basis for the stop exists. Id. The reasonableness of a given
detention will turn on the totality of the circumstances of that particular case. Id. at 492-93. 
In evaluating the totality of the circumstances, we give almost total deference to the trial
court's determination of historical facts and conduct a de novo review of the trial court's
application of law to facts. Id. at 493.


 Holcombe contends (a) the officers did not have reasonable suspicion he was engaged
in criminal activity and (b) they exceeded the scope of the initial detention by detaining him
and searching his vehicle. He appears to argue the stop should have been related to the
officers' initial investigation of the "fight" at the store, and he contends the evidence does
not show this connection. As a result, he argues the stop was invalid. (3)

 To determine whether the stop was reasonable, we must evaluate whether Walker had
a reasonable suspicion to suspect criminal activity based upon the totality of the
circumstances surrounding the stop. See Ford, 158 S.W.3d at 492-93; Woods, 956 S.W.2d
at 35. When Deputy Walker encountered Holcombe's truck, the truck was parked in the
middle of the county road. As Walker's patrol vehicle pulled up beside Holcombe's truck,
Holcombe rapidly left the scene. While flight alone is not dispositive of guilt, evidence of
a defendant's flight is a circumstance from which the factfinder may draw an inference of
guilt. See Hill v. State, 161 S.W.3d 771, 776 (Tex. App.--Beaumont 2005, no pet.). These
circumstances, when viewed objectively, provided a proper basis for the initial stop of
Holcombe's truck. A law enforcement officer in Walker's position could have reasonably
suspected that "criminal activity may be afoot." See Terry, 392 U.S. at 30. In discarding the
"as consistent with innocent activity as with criminal activity" construct as a test for
determining reasonable suspicion, the Court in Woods observed, "We recognize that there
may be instances when a person's conduct viewed in a vacuum, appears purely innocent, yet
when viewed in the light of the totality of the circumstances, those actions give rise to
reasonable suspicion." Woods, 956 S.W.2d at 38; U.S. v. Cortez, 449 U.S. 411, 101 S.Ct.
690, 66 L.Ed.2d 621 (1981); U.S. v. Sokolow, 490 U.S. 1, 109 S.Ct. 1581, 104 L.Ed.2d 1
(1989). We hold that based on the totality of the circumstances, Walker was able to provide
specific, articulable facts to establish a reasonable suspicion to justify the investigatory
detention of Holcombe. Issue one is overruled. 

 Appellant's second issue complains of the proportionality of the value of the property
forfeited to the gravity of the offense. The gravamen of Appellant's complaint though
focuses on the value of the truck. As stated earlier, since the truck was not ordered to be
forfeited but instead, was repossessed by the lienholder, we find this issue is without merit
and overrule same.

 Holcombe's third issue contends the State failed to establish a substantial connection
between the currency and the alleged illegal activity. In a Chapter 59 forfeiture hearing, the
State must establish, by a preponderance of the evidence, that a substantial nexus or
connection exists between the property to be forfeited and statutorily defined criminal
activity. One Car, 1996 Dodge X-Cab Truck White in Color 5YC-T17 VIN
3B7HC13Z5TG163723 v. State, 122 S.W.3d 422, 424 (Tex. App.--Beaumont 2003, no pet.). 
If there is no direct evidence, the State must present sufficient circumstantial evidence to
meet its burden. Spurs v. State, 850 S.W.2d 611, 614 (Tex. App.--Tyler 1993, writ denied). 
The State is required to prove that under all the circumstances raised by the evidence, it is
more reasonable than not that the seized money was derived from the sale of controlled
substances. Id. The State is required to prove the fact through a balance of probabilities but
it is not required to exclude every possible way in which the money might have been
acquired. Id. A trial court may draw any and all reasonable inferences from the
circumstances shown by the evidence. Four Thousand One Hundred Eighty-Two Dollars
in U.S. Currency v. State, 944 S.W.2d 24, 27 (Tex. App.--Texarkana 1997, no writ). 

 In reviewing this no evidence point we consider evidence favorable to the finding if
a reasonable factfinder could, and disregard evidence contrary to the finding unless a
reasonable factfinder could not. City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). 
Anything more than a scintilla of evidence is legally sufficient to support the finding. Cont'l
Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996). In this case, no findings
of fact or conclusions of law were requested or filed; thus it is implied that the trial court
made all findings necessary to support its judgment. Worford v. Stamper, 801 S.W.2d 108,
109 (Tex. 1990). 

 Appellant's evidence included the testimony of his brother, Steve Holcombe, co-owner of Holcombe Bros. Trucking. Steve testified defendant was sent to Newton County
to work on a loader truck, and it was common for appellant to carry several hundred dollars
cash to purchase parts or equipment on the road calls. Steve also testified the currency could
have come from customer's cash payments for repairs. Heather Coker, passenger in
appellant's truck, testified the truck had work tools in it and had been used on road calls. She
stated it was not unusual for Holcombe to have $600 to $700 on his person to purchase parts
for repairs.

 The State presented evidence that the currency was found along with drug
paraphernalia commonly used for drug distribution and manufacture. There is also evidence 
Holcombe had a history of selling methamphetamine. In Holcombe's truck the officers
found nineteen small plastic baggies with a substance believed to be methamphetamine, a
black zipper bag containing several small empty plastic baggies, a bottle of MSM that field
tested positive for methamphetamine, and a plastic bottle containing Ephedrine. Deputy
Walker testified he suspected that Holcombe was manufacturing methamphetamine because
Ephedrine is one of the ingredients used to produce methamphetamine. Based upon the
manner in which the plastic baggies were packaged, the contents of the baggies, and the
presence of MSM, Walker concluded Holcombe was distributing and selling narcotics. 
Walker indicated that Holcombe's possession of empty plastic baggies was not consistent
with personal drug use. In addition, Heather Coker, a passenger in the truck at the time of
the stop, testified she had purchased methamphetamine from Holcombe in the past. We hold
there is some evidence to support the trial court's implied finding a sufficient link or nexus
between the currency and the proscribed activity. Issue three is overruled. 

 Appellant argues in his fourth issue that Steve Holcombe, Appellant's brother,
established the innocent-owner defense pursuant to Tex. Code Crim. Proc. Ann. art. 59.02
(c)(2) (Vernon Supp. 2006). However, Appellant is without standing to argue this defense
as Steve Holcombe was not made a party to the underlying forfeiture action nor is he a party
to this appeal. The burden of proof for this defense is placed on the owner of the property. 
See Mitchell v. State, 819 S.W.2d 659, 661 (Tex. App.--El Paso 1991, no writ). Issue four
is overruled.

 In issue five, Appellant argues the trial court erred when it denied Appellant's
counter-claim for damages. An appellant's brief must contain a clear and concise argument
for the contentions made, with appropriate citation to authorities and to the record. Tex. R.
App. P. 38.1(h). Appellant argues in his brief that he should be entitled to damages against
Newton County. However, the record does not reflect Newton County was ever made a party
to the underlying action nor does Appellant cite to any appropriate citation or to the record
to support such contention. Therefore, such issue is waived.

 AFFIRMED. 


 __________________________________

 CHARLES KREGER

 Justice


Submitted on August 11, 2006

Opinion Delivered February 15, 2007



Before Gaultney, Kreger and Horton, JJ.
1. In his brief, Holcombe argues the trial court erroneously forfeited a 2002 Ford F-250 Pickup truck he was driving at the time of his arrest. The record indicates that the
trial court entered an order denying the State's petition for forfeiture of the truck and
ordered the State to turn possession of the truck over to the lienholder, Ford Motor Credit
Company. Holcombe did not file any motions or otherwise contest Ford's petition in
intervention or the trial court's judgment ordering the State to release the truck to Ford. 
Thus, any arguments in Holcombe's second, fourth, and fifth issues complaining of the
trial court's disposition regarding the truck are moot.
2. The results of a later-conducted lab test revealed that two of the plastic baggies
contained a trace amount of methamphetamine. Holcombe was charged with possession
of a controlled substance. 
3. Holcombe also asserts the officers gave no reasonable, articulable facts to
support the claim that Holcombe's conduct violated the Texas Transportation Code by
"exhibition of speed." See Tex. Transp. Code Ann. § 545.420(a)(5) (Vernon Supp.
2006). The traffic offense of "exhibition of acceleration" found in section 545.420 of the
Transportation Code provides "[a] person may not participate in any manner in: . . . (5) in
connection with a drag race, an exhibition of vehicle speed or acceleration or to make a
vehicle speed record." Id. § 545.420(a)(5) (emphasis added). There was no testimony
that Holcombe was engaged in a drag race at the time he left the scene of the initial
encounter with Deputy Walker.