

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-18-00601-CV

**ONE THOUSAND FOUR HUNDRED THIRTY-SEVEN DOLLARS** ($1,437.00) in United
States Currency and a 2016 Toyota Corolla VIN 2T1BURHE0GC627119,
Appellants

v.

The **STATE** of Texas,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 18-223
Honorable Bill R. Palmer, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Patricia O. Alvarez, Justice
                Irene Rios, Justice

Delivered and Filed: July 31, 2019

AFFIRMED

Appellant Isaac James Osei appeals the trial court's order denying his motion for new trial

to overturn a default judgment entered against him in a civil forfeiture proceeding. We affirm the

trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.       Facts Leading to the Seizure of Property

On April 8, 2018, Fair Oaks Ranch Police Department Officer Elsie Serold encountered a suspicious car parked in front of a house. Two individuals were in the 2016 Toyota Corolla. In her affidavit, Officer Serold averred that she stopped to make a "casual encounter," and both individuals began "making furtive [gestures] underneath their seats."

As Officer Serold approached the driver's door, Osei rolled down the window a couple of inches, and the officer smelled a strong odor of marijuana. The officer informed the vehicle's occupants of her concern and requested identification from each individual.

Osei, seated in the driver's seat, provided Officer Serold his driver's license. The passenger, Marshall Bertschy, did not have a driver's license, but provided the officer with his name and date of birth. Officer Serold requested a criminal history for each from the sheriff's office dispatch. Osei did not have a criminal history, but Bertschy did. Officer Serold requested dispatch send another unit and then returned to the vehicle and turned on her body camera. Officer Serold saw Bertschy begin to start reaching under the seat again and whispering to Osei. The officer instructed both individuals to exit the vehicle. When asked if he had anything in the vehicle, Osei responded he had both marijuana and a scale in the vehicle.

Sergeant Vasquez arrived shortly thereafter; he patted-down Bertschy and placed him in the back of Officer Serold's patrol vehicle. Sergeant Vasquez also patted-down Osei and placed Osei in the back of Officer Serold's patrol vehicle. During a search of the vehicle being driven by Osei, the officers located marijuana-laced rice krispy squares, alprazolam pills, hash oil, a digital scale, an orange grinder with marijuana residue, pipes, ecstasy, and $1437.00 in cash.

Upon questioning by Officer Serold, Osei acknowledged acting as the middle-man in a drug deal that evening. Both individuals were arrested for possession of controlled substances and

possession of marijuana and taken to the Kendall County jail. The 2016 Toyota Corolla and the property inside the vehicle were seized and delivered to the Boerne Police Department.

**B.      The State's Notice of Seizure and Intention to Forfeit and Default Judgment**

On April 20, 2018, the State filed an Original Notice of Seizure and Intention to Forfeit alleging $1437.00 in cash and a 2016 Toyota Corolla, vehicle identification number 2T1BURHE0GC627119, was seized from Osei. The State's Notice of Seizure was filed pursuant to Chapter 59 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. ch. 59. The State's notice alleged the cash and the 2016 Toyota Corolla were used or intended to be used in the commission of a felony under Chapter 481 of the Health and Safety Code or were the proceeds gained from the commission of a felony under the same chapter. *See* TEX. HEALTH & SAFETY CODE ANN. ch. 481. Two exhibits were attached to the State's notice: (1) Officer Serold's affidavit and (2) the "Fair Oaks Ranch Police Notice of Intent to File Seizure." The first line of the Fair Oaks's notice of intent to file seizure provides *the case numbers* and *the date* the intent to file seizure was prepared. In this case, the date provided was April 16, 2018—eight days after the arrest and four days before the State filed the Notice of Seizure and Intention to Forfeit.

Osei was served on May 19, 2018; both parties agree Osei's answer was due no later than 10:00 a.m. on June 11, 2018. No answer was filed.

On June 11, 2018 at 9:06 a.m., the State filed a motion for default judgment averring Osei failed to timely file an answer. The State attached a copy of the Boerne Police Department's initial incident report, dated April 9, 2018, to its motion for default judgment. The hearing on the motion was set for that same day at 1:30 p.m. At 1:14 p.m., the trial court rendered a default judgment against Osei. The default judgment stated, in part, the State "produced evidence sufficient to show the property made the subject of this suit is contraband and is subject to forfeiture under the provisions of Chapter 59 of the Texas Code of Criminal Procedure." *See* TEX. CODE CRIM. PROC.

ANN. ch. 59. The judgment ordered the $1437.00 and the 2016 Toyota Corolla be forfeited to Kendall County in the manner prescribed by Article 59.06 of the Texas Code of Criminal Procedure. *See id*. art. 59.06.

## C.    Motion for New Trial and Hearing before the Trial Court

Approximately three hours later, at 4:12 p.m., the same day as the default judgment, but *after* the default was taken, Osei's attorney filed an answer and a verified motion for new trial or, in the alternative, a motion to modify or reform the judgment. Osei's motion explained his failure to file an answer "was the result of an accident, and mistake rather than conscious indifference or willfulness in that the attorney engaged to file [an] answer sufficient to place the merits of the Plaintiff's claims in issue suffered an injury that made it impossible to file an answer by 10:00 a.m. on the answer date." In support, an affidavit of Osei's attorney was attached.

Osei's attorney asserted another attorney was engaged to file an answer and Osei's attorney was not aware the attorney's injury prevented him from "fil[ing] an answer by 10:00 a.m."

The motion for new trial also contained a statement that Osei had a meritorious defense to the State's seizure and forfeiture cause of action. Specifically, Osei alleged,

> The Plaintiff's cause of action was in the form of a seizure and forfeiture of the life savings of defendant. The [sic] to this cause of action the defendant can and does set up a meritorious defense of traceable funds. The facts contained in the affidavit of [his attorney], attached and incorporated by reference establish this defense precluding plaintiff's recovery on its cause of action.

As stated, the attorney's affidavit testified only to the reasons the answer was not timely filed. Osei's motion for new trial was set for hearing on August 3, 2018. On the day of the hearing, Osei filed an unverified amended motion for new trial. In the amended motion, Osei alleged, for the first time, a defense under the Excessive Fines Clause of the Eighth Amendment. Specifically, Osei alleged the value of the $1437.00 and the 2016 Toyota Corolla exceeded the value of his fine for controlled substances claimed to be found in his car that could possibly be construed to be

contraband under article 59 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. ch. 59. In the amended motion, Osei cited to the Kelly Blue Book pricing for the value range of the 2016 Toyota Corolla. Osei did not attach any evidence to the amended motion supporting his new defense or allegation.

After hearing the arguments of counsel, the trial court denied Osei's motion for new trial. On appeal, Osei raises two challenges to the trial court's denial of his motion for new trial. First, Osei challenges the trial court's jurisdiction over the Seizure and Forfeiture proceeding. Second, Osei asserts he was entitled to a new trial under *Craddock*.

We turn first to whether the trial court was vested with jurisdiction.

### JURISDICTION

#### A.      Standard of Review

"Subject matter jurisdiction is an issue that may be raised for the first time on appeal; it may not be waived by the parties." *Estate of Matthews III*, 510 S.W.3d 106, 113 (Tex. App.—San Antonio 2016, pet. denied) (quoting *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993)). We review a challenge to a trial court's subject matter jurisdiction de novo. *Id.*; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *see Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010).

#### B.      Arguments of the Parties

Osei argues the trial court lacked subject matter jurisdiction when it granted the default judgment because the State's Notice of Seizure and Intention to Forfeit did not comply with the requirements of Texas Code of Criminal Procedure article 59.04. *See* TEX. CODE CRIM. PROC. ANN. art. 59.04. Specifically, Osei avers that because neither the notice nor the officer's affidavit attached to the notice specified the day the property was seized, the statutory requirement that any forfeiture proceeding commence within thirty days of the seizure of the property was not met;

therefore, the trial court lacked subject matter jurisdiction. *See id.* Osei also contends the State failed to allege sufficient jurisdiction to support the default judgment.

The State, on the other hand, argues that even though the record contains several dates, there is no dispute the State's Notice of Seizure and Intention to Forfeit was filed within thirty days of the dates listed in the record. Therefore, the trial court maintained subject matter jurisdiction to grant the State's motion for default judgment.

## C.    Chapter 59 of the Code of Criminal Procedure

Chapter 59 governs civil forfeiture actions, which are in rem proceedings against contraband. *State v. Silver Chevrolet Pickup*, 140 S.W.3d 691, 692 (Tex. 2004). Because a forfeiture action is an in rem proceeding, a trial court's jurisdiction depends on its control over the property. *State v. Thirty Thousand Six Hundred Sixty Dollars and no/100*, 136 S.W.3d 392, 405 (Tex. App.—Corpus Christi 2004, pet. denied). Article 59.04(a) provides that a forfeiture action must be commenced not later than the thirtieth day after the date of the seizure. TEX. CODE CRIM. PROC. ANN. art. 59.04(a). Article 59.04(b) provides: "A forfeiture proceeding commences under this chapter when . . . the State . . . files a notice of the seizure and intended forfeiture . . . with the clerk of the district court in the county in which the seizure is made." *Id*. art. 59.04(b). A forfeiture action may not proceed to hearing unless the trial court conducting the hearing is satisfied the parties complied with article 59.04's requirements. *Id*. art. 59.04(l). Chapter 59 forfeiture actions proceed to trial in the same manner as other civil cases, including requiring that parties comply with all pleading rules. *Id*. art. 59.05(a), (b).

For "contraband" to qualify as property that is subject to seizure and forfeiture, the contraband must be property used in or proceeds gained from the commission of any felony as defined by chapter 481 of the Health and Safety Code. *See id*. art. 59.02; 59.01(2)(B)(i), (C), (D) (version effective September 1, 2015 to August 31, 2019). In a forfeiture proceeding, the State

bears the burden to prove, by a preponderance of the evidence, that (1) probable cause existed for the seizure of the property and (2) the "[c]ontraband is subject to seizure and forfeiture by the State." *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 293 (Tex. 2013). Probable cause is "a reasonable belief that 'a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute.'" *Id*. (quoting *Fifty-Six Thousand Seven Hundred Dollars in U.S. Currency v. State*, 730 S.W.2d 659, 661 (Tex. 1987)). The State's evidence may include either direct or circumstantial evidence. *See Davis v. State*, 293 S.W.3d 794, 799 (Tex. App.—Waco 2009, no pet.) (citing *State v. $11,014.00*, 820 S.W.2d 783, 785 (Tex.1991)); *Spurs v. State*, 850 S.W.2d 611, 614 (Tex. App.—Tyler 1993, writ denied). Forfeiture does not require a final conviction of the underlying offense. *See* TEX. CODE CRIM. PROC. ANN. art. 59.05(d).

## D.    Analysis

Contrary to Osei's assertion, the State's failure to specify the date the property was seized does not affect the trial court's jurisdiction. Article 59.04 "does not provide . . . that the consequence of noncompliance [with the notice requirements] is dismissal for lack of jurisdiction." *State v. Silver Chevrolet Pickup VIN 1GCEC14T7YE257128 Tag No. 3TMX16*, 140 S.W.3d 691, 693 (Tex. 2004) (statute's language does not support conclusion that forfeiture actions must be dismissed for lack of jurisdiction if State fails to timely file a lis pendens notice in a real property forfeiture). This court previously held "article 59.04 does not require the notice of seizure and intended forfeiture to include the date of seizure, but only requires the suit be commenced no later than the thirtieth day after seizure." *Fifty-One Thousand One Hundred & Twenty-Four Dollars in US Currency v. State*, No. 04-18-00428-CV, 2019 WL 1779928, at *3 (Tex. App.—San Antonio Apr. 24, 2019, no pet.) (mem. op.).

We must therefore determine whether the State's case commenced within thirty days of the seizure.

Osei contends the State's notice, and the peace officer's affidavit attached to the notice, fail to state a date from which the thirty days to commence proceedings start. Without a start date, Osei argues the State failed to (1) state a cause of action within the trial court's jurisdiction, (2) provide fair notice of the claim asserted to Osei, or (3) disclose the invalidity of the State's claim. *See Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979). The test for determining whether the pleadings were sufficient is "whether the pleadings [provided] the opposing party sufficient information to enable that party to prepare a defense or a response." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224–25 (Tex. 2017). In other words, can the opposing party ascertain the nature and basic issues asserted by the claim and what evidence might be relevant. *Id*.

A review of the record supports there are several dates contained within the notice and the peace officer's affidavit attached to the notice: the April 8th date on the Boerne incident report, the April 16th date on the Fair Oaks Forfeiture Notice, the April 19th date on Officer Serold's affidavit, and lastly, the April 20th date on which the notice was filed with the trial court. We note, the longest time-period was twelve days—between the date of arrest and the filing of the notice of forfeiture. We thus cannot say the trial court abused it discretion in finding Osei could reasonably ascertain the nature and basic issues of the State's claim, including that the amount of time that elapsed from the seizure to the filing of the notice was within the thirty days.

Having concluded the trial court could reasonably determine the State's case commenced within thirty days of the seizure, we further conclude that the trial court had subject matter jurisdiction over the forfeiture proceeding and we overrule Osei's issue relating to the trial court's jurisdiction.

We next turn to Osei's argument that the trial court erred in denying his motion for new trial.

MOTION FOR NEW TRIAL

### A.      Standard of Review

An appellate court reviews a trial court's decision to overrule a motion to set aside a default judgment and grant a new trial for an abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009).

### B.      Arguments of the Parties

Osei contends he met his burden of proof under *Craddock* and the trial court abused its discretion in denying his motion for new trial.

The State counters that Osei did not meet the meritorious defense element under *Craddock*. Specifically, the State argues Osei's original motion for new trial failed to raise a meritorious defense supported by affidavit or competent evidence.

### C.      Motion for New Trial and the *Craddock* Test

In *Craddock*, the Supreme Court of Texas established a three-part test for setting aside a default judgment. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). When a party establishes the following three elements, the no-answer default judgment is vacated and a new trial is granted: (1) the failure to answer or to appear was not intentional or the result of conscious indifference but rather was due to a mistake or an accident; (2) the motion for a new trial sets up a meritorious defense; and (3) granting a new trial will not cause delay or work other injury to the prevailing party. *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (citing *Craddock*, 133 S.W.2d at 126); *accord Levine v. Shackelford, Melton & McKinley, L.L.P.*, 248 S.W.3d 166, 167 (Tex. 2008) (per curiam). "[T]he trial court should liberally construe the evidence when passing upon a motion for new trial." *Sexton v. Sexton*, 767 S.W.2d 131, 133 (Tex. App.—San

Antonio 1987, no writ); *accord Simmons v. McKinney*, 225 S.W.3d 706, 709 (Tex. App.—Amarillo 2007, no pet.). Unless the movant proves all three *Craddock* elements, the movant is not entitled to a new trial. *See Dolgencorp*, 288 S.W.3d at 926; *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994).

We therefore determine whether Osei established proof of each *Craddock* element.

### 1. *Failure to Answer Result of Conscious Indifference*

To satisfy *Craddock*'s first element, Osei had to show his failure to answer or appear was due to an accident or mistake and was not intentional or due to his conscious indifference. *R.R.*, 209 S.W.3d at 115 (quoting *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 576 (Tex. 2006) (per curiam)); *see Craddock*, 133 S.W.2d at 124. "[S]ome excuse, although not necessarily a good one, will suffice to show that a defendant's failure to file an answer was not because the defendant did not care." *R.R.*, 209 S.W.3d at 115 (citing *Fid. & Guar.*, 186 S.W.3d at 576); *see Craddock*, 133 S.W.2d at 125.

The State concedes the affidavit attached to Osei's motion for new trial, in which his trial counsel swore to her belief another attorney was filing the answer, shows that Osei's failure to file an answer was not because he did not care. Osei thus satisfied the first *Craddock* element.

### 2. *Delay or Injury to the Prevailing Party*

*Craddock*'s third element, no delay or injury to the State, is also satisfied. "If a defendant alleges that granting a new trial will not injure the plaintiff, the burden then shifts to the plaintiff to present proof of injury." *R.R.*, 209 S.W.3d at 116 (citing *Evans*, 889 S.W.2d at 270). Because Osei offered to reimburse the State for its costs and expenses of securing the default judgment, the State concedes Osei satisfies this element. *See Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987).

### 3. *Meritorious Defense*

The State contends Osei did not present evidence of a meritorious defense—*Craddock*'s second element. "A meritorious defense has been set up so as to meet the second *Craddock* prong if the facts alleged in the movant's motion and supporting affidavits set forth facts which in law constitute a meritorious defense, regardless of whether those facts are controverted." *R.R.*, 209 S.W.3d at 116 (citing *Evans*, 889 S.W.2d at 270); *see Craddock*, 133 S.W.2d at 124. In other words, Osei's motion for new trial must allege facts which would constitute a defense to the State's cause of action *and* be supported by affidavits or other evidence providing prima facie proof that Osei can prove his alleged defense. *See Dolgencorp*, 288 S.W.3d at 928.

When an amended motion for new trial is filed, the timeliness of the motion plays a key role in the amended motion's use on appeal. "A trial court's order overruling an untimely new trial motion cannot be the basis of appellate review, even if the trial court acts within its plenary power period." *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003). "An amended motion for new trial filed more than thirty days after the trial court signs a final judgment is untimely." *Id*.

Osei's original motion for new trial was filed on June 11, 2018. In his original motion, Osei alleged "the defendant can and does set up a meritorious defense of traceable funds" and "[t]he facts contained in the [defense counsel's affidavit], attached and incorporated by reference establish this defense precluding plaintiff's recovery on its cause of action." The affidavit did not contain any prima facie proof of "traceable funds." The affidavit contained only bare assertions and unsupported conclusions rather than facts which, if true, would establish a meritorious defense. *See Dolgencorp*, 288 S.W.3d at 928 (citing *Ivy v. Carrell*, 407 S.W.2d 212, 215 (Tex. 1966)).

On August 3, 2018, Osei filed an amended motion for new trial. In that amended motion, Osei raised an excessive fines defense under the Eighth Amendment. Osei relied on the Kelly Blue Book for his claim that the seized vehicle was undervalued.

But because the amended motion was filed without leave fifty-three days after the trial court signed the default judgment, it was untimely. *See* TEX. R. CIV. P. 329b(a), (b); *Moritz v. Preiss*, 121 S.W.3d 715, 721 (Tex. 2003). "[A]n untimely amended motion for new trial does not preserve issues for appellate review, even if the trial court considers and denies the untimely motion within its plenary power period." *Moritz*, 121 S.W.3d at 721. Osei's amended motion for new trial cannot be used to support his claim of a meritorious defense. *See id.*

Because Osei failed to establish all three elements under *Craddock*, we cannot conclude the trial court erred in denying his motion for new trial.

## CONCLUSION

Having overruled both of Osei's issues on appeal, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice